### STEWART CAMPBELL v. THE STATE.

42   591<br>37a 289

1. WITNESS RECALLED AT INSTANCE OF THE JURY. When a witness is per-
   mitted to be recalled at request of the jury who disagree as to his testi-
   mony, such witness should be required to repeat his testimony upon the
   point in dispute, and in his words when testifying; it is error to allow
   a re-examination on that point.
2. PRACTICE IN RECALLING SUCH WITNESS. The provisions of the Code re-
   quire:
   1. The jury should indicate to the court the statement of the witness
      about which they disagree.
   2. The witness should be brought upon the stand, and directed to
      detail his testimony in respect to this particular point and no
      other.
   3. The court shall instruct the witness to make his statement in
      the very words used in his original examination as nearly as
      he can.

3. THEFT OF CATTLE FROM THEIR ACCUSTOMED RANGE. Wherever theft of cattle is charged and the evidence is that the cattle were taken from their accustomed range, the Article 2410 *b*, of the Code, inflicting a less punishment for theft, should be given in charge by the court, and, in most cases, the succeeding Article, 2610 *c*, should be given—said clause imposing a punishment for removing cattle from their range where there is no fraudulent intent.

APPEAL from Colorado. Tried below before the Hon. L. Lindsay.

Stewart Campbell was indicted, November, 1872, for theft of a work ox, of the value of twenty-five dollars.

On his trial, after the State and the defendant had closed (the witnesses having been placed under *the rule*), and examined, and the jury had received the charge of the court, and had retired, and had been out for twelve hours, the jury came back to the court-room, and requested permission to re-examine Henry S. Clark, a witness for the State, and the alleged owner of the ox alleged to have been stolen.

This permission was given by the court, and the foreman of the jury, W. H. Carlton, under the direction of the court and without interference on the part of the counsel for the State or for the defendant, propounded to the witness, Clark, certain questions, to wit:

"Who told you that Stewart Campbell had your ox?"

To which question the witness, Dr. H. S. Clark, replied that "William or Bill English had told him that Stewart Campbell, "the defendant, had his ox."

"Did the defendant, Stewart Campbell, tell you that he had "your ox in his possession?"

To which the witness replied that he did tell him so, and promised to return him the ox the next day, but that he stated at the same time that he (defendant) thought that Boatwright claimed the ox, or that it had been in Boatwright's possession.

"Was the brand plain upon the animal at the time?"

To which the witness replied that it was.

The foreman of the jury did not ask the witness merely to

recapitulate the testimony which he had given upon the stand, but asked him the said questions, to which the answers as given were made; after which the jury, under the direction of the court, retired from the room.     Whereupon the counsel for defendant desired the court to note his exception to the proceeding which had been had in the matter of the re-examination of the witness Clark, without opportunity to defendant to cross-examine.

The court added to the bill of exceptions the explanation that when the jury applied to the court, through their foreman, to recall the witness, Dr. H. S. Clark, he admonished the jury that the witness could only be interrogated in reference to testimony which he had previously given, and about which they or some of them were not fully satisfied; and when the interrogatories were propounded to the witness and he answered them, the court, as well as the witnesses, considered his answers as an effort to reiterate what he had previously attempted to convey to the minds of the jurors.

The court had charged the jury upon *theft*, not giving the Article 2610 *b* in charge, concerning theft by fraudulently taking cattle from their accustomed range.

Defendant was convicted of theft, and punishment fixed at two years confinement in the penitentiary.

*Oscar M. Watkins*, for appellant.

*N. G. Kittrell*, for State.

MOORE, J.     The court erred in permitting Clark, the witness for the State, to be recalled and examined in the manner shown by the bill of exceptions, after the case had been submitted to the jury.     The circumstances under which a witness who has testified may be recalled, and the extent and character of his re-examination are clearly and plainly laid down in Article 615, Code of Criminal Procedure, which reads as follows, to wit:

" If the jury disagree as to the statement of any particular

38

" witness, they may, upon applying to the court, have such wit-
" ness brought upon the stand, and he shall be directed by the
" judge to detail his testimony in respect to the particular
" points of disagreement, and no other, and he shall be further
" instructed to make his statement in the language used upon
" his examination as nearly as he can."

It seems quite probable from the contents of the bill of ex-
ceptions, that the attention of the court was not directly called
to this article of the Code, when the jury applied to have the
witness re-examined. Obviously it was not observed either in
letter or spirit. What are its provisions?

*First.* It seems the jury should indicate to the court the
statement of the witness about which they disagree.

*Second.* The witness shall be brought upon the stand, and
directed to detail his testimony in respect to this particular
point and no other.

*Third.* The court shall further instruct him to make his
statements in the language used upon his original examination
as nearly as he can.

Now let us note what occurred in the court below. The
jury came into court and requested permission to re-examine the
witness, but do not appear to have indicated any particular
statement of the witness about which they disagreed. And
although the court says: " he admonished the jury that the
" witness could only be interrogated *in reference to testimony*
" which he had previously given, and about which some of them
" *were not satisfied;* and when the interrogations were pro-
" pounded to, and answered by the witness, the court, *as well*
" *as the witness, considered his answers as an effort to reiter-*
" *ate what he previously attempted to convey to the minds of*
" *the jurors.*"

The information given the jury did not serve the purpose,
and cannot be regarded as a substitute for the admonition
to the witness. The jury were permitted to take upon them-
selves the office of examiners, and to make such inquiries as
they desired, and that too of a most direct and leading charac-

ter. The questions propounded to the witness had reference, no doubt, to matters about which he had testified, but certainly they were not of a character calculated to elicit a reiteration by the witness of his former statements, as nearly in the language in which it was made as he could give it.

It may be insisted with much force that this article of the Code of Procedure is merely directory, and that the failure of the court to observe it is not a sufficient ground for the reversal of the judgment. We certainly are not prepared to hold that every departure from the strict letter of this article will require a reversal of the judgment. On the other hand, we are as unwilling to say that in no case will the failure of the court below to obey the behest of a directory statute warrant a reversal. Whenever there is reason to apprehend that injury may have resulted to the defendant, especially in a case of felony, from the failure to observe directions given the court by the Legislature, we think, unquestionably, the judgment should be reversed.

In this case there was a very palpable failure to conform to the directions of the code. The witness was re-examined, not with the view of his reiterating a previous statement, but, it would seem, in order to permit him to testify to what he had previously attempted to convey to the minds of the jury.

Though it may be true, that there is no great difference between the direct responses made to the questions propounded to the witness on his re-examination, and the inferences which may be drawn from his original evidence, if that was as given in the statement of facts; yet it appears to have had a most marked effect upon the jury; which, we think, in part at least, may have resulted from the improper manner in which the witness was examined.

While we cannot agree with the argument of counsel for appellant, that Article 2410 $a$ cannot be applied to the theft of cattle from "their accustomed range," but must be referred to theft of stock from other places, such as fields, pens, barns, stables, etc., and in all cases of theft of cattle from "its ac-

" customed range," the prosecution must be based on Article 2410 *b*; nevertheless we deem it quite clear that when the facts relied upon as proof of the theft are referable to this last article, it, and in most cases the next succeeding article also, should be given in charge to the jury.

The judgment is reversed and remanded.

Reversed and remanded.