Opinion of the court.

No. 2681.

Jeff Briscoe *v.* The State.

Practice—Bill of Exception.—In this case the trial court charged upon
an issue depending upon the evidence. The defendant excepted to the
charge because it was unwarranted by any evidence in the case. In
his authentication of the bill of exceptions, the trial judge recites that
there was no such evidence adduced on the trial, and that the evidence
referred to in the charge was evidence adduced on the trial of another
case. The statement of facts does contain evidence which would war-
rant the charge, but, as the bill of exceptions controls, the charge
must be held erroneous as unauthorized by any evidence on the trial.

Appeal from the District Court of Falls. Tried below before
the Hon. Eugene Williams.

This conviction was for the theft of a horse, and the penalty
assessed against the appellant was a term of five years in the
penitentiary.

The question involved in this appeal does not necessitate a
statement of the evidence.

*J. T. Martin* and *J. D. Oltorf* for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

Willson, Judge. In the charge of the court the jury were
instructed as follows: "Evidence has been introduced of the
loss of other animals from the range about the time this mare
in question was missing therefrom. You will consider the loss
of other animals from the range only so far as this evidence
may tend to develop the transactions out of which this prose-
cution has grown, and may tend in your opinion to identify
the mare in question." This instruction was excepted to by
the defendant upon the ground that it was unwarranted by
any evidence adduced on the trial, and the bill of exception,
duly authenticated by the trial judge, recites that there was no
such evidence in the case, but that the evidence referred to in
said charge was evidence which had been introduced in the
trial of another cause before said court.

In the statement of facts there appears evidence which would warrant the charge excepted to, but, as the bill of exception expressly states that no such evidence was adduced on the trial, such statement must control, and we must hold that there was no evidence to warrant the charge. (Willson's Cr. Stat., sec. 2369.) There being no evidence to warrant such charge it was error to give it. (Willson's Cr. Stat., sec. 2337.) And the error having been excepted to, the conviction must be set aside, although the error may have been harmless. (Willson's Cr. Stat., sec. 2363.) The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Opinion delivered February 9, 1889.