### Whit Moody v. The State.

#### No. 2172.   Decided June 5, 1901.

**Murder—Special Venire—Motion to Postpone Trial.**

On a trial for murder, where a special venire of seventy-two jurymen had been ordered and served, and it appeared that when the case was called for trial twelve of these veniremen were impaneled in and were considering another case, whereupon defendant moved for a postponement until these twelve veniremen could be obtained, which being overruled, he moved for an attachment to compel their attendance, which was refused; Held, error, for which the judgment must be reversed.

Appeal from the District Court of Swisher.   Tried below before Hon. N. H. Wallace.

Appeal from a conviction of murder in the second degree; penalty, seven years imprisonment in the penitentiary.

Appellant was charged by the indictment with the murder of J. N. Miller, on the 8th day of February, 1901, by shooting him with a pistol.

In view of the disposition of the case on this appeal, it is unnecessary to make a statement of the evidence.

*D. B. Hill* and *Wilson & Kinder,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of murder in the second degree, and his punishment assessed at confinement in the penitentiary for a term of seven years.

By bill of exceptions it is made to appear that the special venire consisted of seventy-two names; that proper service had been had, etc. At the time the case was called for trial, twelve of the special venire had been impaneled in another case and had it then under consideration. Appellant moved a postponement of his trial until the presence of the absent twelve veniremen could be obtained. This was overruled. He then moved the court for an attachment to compel the attendance of said veniremen, which was refused. This action of the court has been

held erroneous since Bates v. State, 19 Texas, 123, and Thurston v. State, 18 Texas Criminal Appeals, 26. In the various decisions since the rendition of the Bates and Thurston cases, wherever the question has become involved directly or indirectly, the principle announced in these cases has been reaffirmed and emphasized. Osborn v. State, 23 Texas Crim. App., 431; Cahn v. State, 27 Texas Crim. App., 709; Hudson v. State, 28 Texas Crim. App., 323. For this error the judgment will be reversed.

We deem it unnecessary to discuss the application for continuance, or the remarks of the prosecuting counsel, for the reason they will not occur, as stated in said bills, upon another trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*