ODEE DAIGLE v. THE STATE.

No. 12149.   Delivered April 3, 1929.
Rehearing denied May 8, 1929.

The opinion states the case.

*Robt. A. Shivers* of Port Arthur, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, aggravated assault; penalty, 90 days in the county jail.

In a difficulty at a dance prosecuting witness was shot by appellant. Under an indictment for assault to murder appellant was convicted of aggravated assault.

It is claimed that the refusal of the Court to give the following special charge was error:

"You are instructed that if you find from the evidence that B. Sedatal caught hold of the defendant gave him a shake and tore his coat, then in that event the defendant had a right to demand an explanation and also to demand that Sedatal pay for the damage done to his coat if any."

There was evidence to show that prosecuting witness had torn appellant's coat at the dance and that appellant called him out and asked him about it and demanded pay for it. The Court gave

appellant in his charge a perfect right of self-defense without limiting it in any manner and without charging on provoking the difficulty. Under these circumstances it was not error to refuse to give the charge asked by appellant. Williford v. State, 38 Tex. Crim. Rep. 396; Ford v. State, 177 S. W. 1176; Branch's P. C., Sec. 1950. Newman et al. v. State, 69 S. W. 519, and other cases relied on by appellant, show to have been cases where the right of self-defense was limited by a charge on provoking the difficulty.

It is a sufficient answer to appellant's complaint of the Court's action in refusing other charges asked that such charges were fully covered in the Court's main charge.

Complaint is made in Bill of Exception No. 4 of the action of the Court in permitting the prosecuting attorney to question appellant concerning the contents of an application for a continuance filed by him. The action of the Court was improper. Hardin v. State, 40 Tex. Crim. Rep. 208. The bill, however, shows that no answer of appellant was elicited that could have injured him and we are of the opinion that the matter presents no such error as would justify a reversal.

Finding no reversible errors in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The recitals in Bill of Exceptions No. 4 are as follows:

" * * * and the court permitted the State's attorney, Honorable Fred A. White, over the objection of the defendant, to go into detail and force the defendant to tell before the Jury that he had understood that the alleged injured party, Sedatal, was claiming that he, the defendant, had insulted Sedatal's wife, and that in addition to that, that he, the defendant, was accused of insulting another woman whose name is not mentioned."

In the light of the statement of facts, the bill is not regarded as showing error or as exhibiting a transaction in conflict with the rule stated in Hardin's case, 40 Tex. Crim. Rep. 208. The State's witness claimed that while at a dance, he was invited by the ap-

pellant to go out for a conversation and that upon doing so he was shot by the appellant without provocation. The appellant, in his testimony, claimed that before leaving the dance, he was assaulted and his coat torn by the injured party; that after going out of the building he complained of this conduct and demanded payment for the injury to his coat; that he was assaulted and believing his life in danger, fired the shots which caused the injury.

State's counsel, in cross-examination, caused the appellant to give an account of the various things that happened at the dance antecedent to the shooting, and it was in that cross-examination, which appears to have offended against no rule of practice, that it was developed that Sedatal, the injured party, was drunk; that he was slapped by a woman named Hebert; that McGee was present in company with the appellant but he could not remember whether he was present at the time that the tearing of the coat took place; that for the purpose of getting his wife to go home he started to enter a room and was told that Mrs. Sedatal was in there drunk and that he could enter if he desired; that he went in to get his wife; that Mrs. Sedatal became angry because he entered the room and said that he had insulted her. The inquiry with reference to the continuance which was initiated by the State appears to have been addressed to the contradiction of the appellant's testimony upon the trial and that in the motion for a continuance touching the presence of McGee. Such an inquiry was offensive to no rule of evidence. On the contrary, it was permissible in cross-examination to make use of the averments in the application for a continuance for the purpose of impeachment upon material matters. Underhill's Crim. Ev., 3rd Ed., Sec. 381. The bill of exceptions is meagre, and the part quoted is more in the nature of a conclusion than details. To ascertain the setting and determine the probable effect of the matters complained of, an examination of the statement of facts is permissible. Plummer v. State, 86 Tex. Crim. Rep. 493; Martin v. State, 107 Tex. Crim. Rep. 162; Elkins v. State, 101 Tex. Crim. Rep. 377.

The motion is overruled.

*Overruled.*