TOM WATKINS v. THE STATE.

No. 12793. Delivered December 4, 1929.

The opinion states the case.

*Reynolds & Heare,* of Shamrock, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant was convicted for the murder of Joe Smith, and his punishment fixed at 25 years in the penitentiary.

All parties involved are negroes. The killing came about over a most trivial matter. It is not necessary to detail the evidence.

The only bill of exception brought forward relates to the formation of the jury. The bill recites that when the special venire was called seven persons who were shown to have been summoned failed to answer; the court informed appellant that the court had excused said seven jurors; that these excuses were received and acted on by the court in the absence of appellant; and that appellant reserved exception to the proceeding had in his absence. The trial court qualified the bill by stating that the seven absent veniremen had been excused in open court in the presence of appellant's counsel for good cause shown, and that appellant at no time asked attachment for said veniremen, or asked in any manner that they be brought into court.

Art. 605 C. C. P. was enacted in 1907 since which time a juror who is exempt from jury service may make it known that he claims such exemption by filing an affidavit under the provisions of said article, in which event it is not necessary for him to appear in person to render such excuse. In view of Articles 602, 603 and 604 C. C. P. it seems to be contemplated that excuses of special veniremen should be rendered in open court in the presence of accused unless the claim of exemption from jury service is made under the provi-

sions of Art. 605. (Dixon v. State, 91 Tex. Cr. R. 217, 238 S. W. 227; Crow v. State, 89 Tex. Cr. R. 149, 230 S. W. 148 and cases therein cited.) The statutes relating to the formation of juries have always been regarded as largely directory and a failure to follow the exact letter of the statute does not always call for a reversal. There is nothing in the bill bringing the present complaint forward which negatives the idea that the seven jurors who had been excused had not complied with said Art. 605 and filed affidavits of exemption; furthermore, there is no claim that the jurors did not have a legal excuse. We must presume in the absence of a showing to the contrary that they did have, else the court would not have excused them. The sole complaint is that the court excused them in appellant's absence. There is nothing to indicate that appellant thought the court had made a mistake in excusing any of the seven jurors or that if brought into court in appellant's presence any different result would have been reached with reference to them. Appellant should have availed himself of the power of the court to have said jurors brought into court in appellant's presence if he desired to avail himself of any claimed irregularity in excusing them. See Dixon v. State, 91 Tex. Cr. R. 217, 238 S. W. 227; Livar v. State, 26 Tex. Cr. App. 115.

The judgment is affirmed.

*Affirmed.*