EUGENE W. McMURRAY v. THE STATE.

No. 14911. Delivered December 9, 1931.
Rehearing Denied February 3, 1932.

448

The opinion states the case.

*Pat L. Pittman,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for fifty years.

Appellant's wife was the niece of W. M. Pool, deceased. Sometime prior to the homicide appellant and his wife had separated, and she had gone to the home of deceased. Appellant kept his small son, and his wife took with her their baby. It was appellant's contention, given support in the testimony, that he had been endeavoring to bring about a reconciliation with his wife; that he had made frequent efforts to see her and his child; that on occasions he had sent friends to deceased with the request that he be permitted to see his wife and baby; that deceased had refused to permit him to see them; that he had been advised that deceased had threatened his life. The state's testimony was to the effect that deceased had made no effort to keep appellant from seeing his wife, but had on one occasion, during the time that appellant was visiting her, endeavored to keep appellant from whipping and mistreating his wife.

On the occasion of the homicide deceased was seated in front of a little store in the town of Euless. Appellant drove up and called to deceased to come out to his car. Deceased went to the car and engaged in conversation with appellant. According to the version of state's witnesses, appellant shot deceased with a pistol and deceased ran from the car. Appellant then got out of his car and shot deceased in the side with a shotgun, from the effect of which he died. According to the testimony of the witnesses for the state, deceased was doing nothing at the time appellant shot him.

Appellant testified that he called deceased to the car for the purpose of telling him that he wanted to see his wife and baby; that deceased told him that he could not pay them a visit, and started to make an attack upon him; that at the time he fired the shot at deceased with the pistol he believed that his life was in danger at the hands of deceased; that he did not remember anything that happened after he fired the shot with the

pistol; that he would not deny that he shot deceased with the shotgun, but would say that his mind was blank after he fired the first shot. Appellant also testified that threats on the part of deceased to take his life had been communicated to him.

It is recited in bill of exception No. 3 that while appellant's witnesses Ray Newsom was testifying, counsel for the state was permitted to ask the witness, in effect, if it had not been so long since he had worked that he could not remember having done an honest day's work. Appellant's objection to the question was sustained and the witness was not permitted to answer. It is recited in the bill of exception that the court declined to instruct the jury not to consider the question. It is not shown in the bill of exception that the witness gave testimony material to appellant's defense. If the question was improper, in the absence of a showing that the witness gave material testimony in behalf of appellant, we would not hold the error reversible. Widener v. State, 109 Texas Crim. Rep., 435, 5 S. W. (2d) 138; Miller v. State, 67 Texas Crim. Rep., 654, 150 S. W., 635; Holmes v. State, 68 Texas Crim. Rep., 17, 150 S. W., 926.

Bill of exception No. 4 recites that appellant's witness Ray Newsom was asked by the district attorney, on cross-examination, the following question: "Yes, and you knew about his conduct toward his wife while you was in Cleburne, did you?" Appellant objected to the question on the ground that it raised an inference that he had been guilty of improper conduct toward his wife, and that the testimony was irrelevant, immaterial and prejudicial. The court overruled the objection. The bill fails to show that the witness answered the question. We are unable to determine from the recitals in the bill of exception whether the question was proper. If we should go to the statement of facts we would find that there was testimony that appellant had mistreated his wife. It being appellant's theory, given support in the testimony, that deceased had caused his wife to become estranged from him, and the state's theory, also given support in the testimony, that appellant's wife had left him on account of his mistreatment of her, and that deceased had nothing to do with their separation, it would appear that it was proper to inquire if the witness knew of such mistreatment. There was no objection to the question on account of its form. In any event, the bill of exception, in not setting out the surroundings, fails to reflect error.

Bill of exception No. 5 presents the following occurrence: A witness for appellant had testified that she had gone to the home of deceased and requested appellant's wife to go with her to the witness' house, and that appellant's wife replied: "Eugene (appellant) knew she couldn't do that." The district attorney then asked the witness if appellant's wife did not say that appellant knew she could not go over there because he had mistreated her. The objection was that the question was asked for the purpose of prejudicing the rights of defendant, and that it was highly

inflammatory and prejudicial. It is not shown in the bill that the question was answered. It does not appear that appellant was not present when the conversation with his wife occurred. There are no facts and circumstances showing that the testimony sought to be elicited from the witness were not relevant and material. In the condition in which we find the bill of exception we are unable to determine whether it reflects error.

As shown by bill of exception No. 6, appellant sought to prove by his witness Mrs. Eula Massingill that she made the same statement to the district attorney she was·making from the witness stand on the trial of the case. The district attorney's objection to the question was sustained. If permitted, the witness would have answered she did tell the same story to the district attorney. The bill fails to show that appellant was warranted in supporting the testimony of the witness by he declaration mentioned. In other words, it is not shown that the state had made any attempt to prove the witness had made statements out of court with reference·to the transaction in question different from and contradictory of her testimony on the trial. See Branch's Annotated Penal Code, sec. 183; Jones v. State, 38 Texas Crim. Rep., 87, 40 S. W., 807, 41 S. W. 638.

The district attorney asked appellant's witness Ray Newsom, on cross-examination, if he had not been convicted of theft in the county court of Johnson County in 1929. Appellant objected to the question on the ground that it was not a proper method of impeachment, since the offense did not involve moral turpitude. The objection being overruled, the witness answered in the affirmative. Misdemeanor theft is an offense involving moral turpitude. Sentell v. State, 34 Texas Crim. Rep., 260, 30 S. W., 226. The appellant or any other witness, if the impeaching testimony is not too remote, may be impeached by the adverse party proving by the witness, on cross-examination, that he had been indicted or convicted or that he was then under indictment for a felony, or for a misdemeanor involving moral turpitude. Branch's Annotated Penal Code, sec. 167; Hamilton v. State, 74 Texas Crim. Rep., 219, 168 S. W., 536.

Appellant requested the court to submit his special charge No. 3 which read as follows: "You are further charged as a part of the law in this case that the defendant had a right to arm himself when going to seek an interview with the deceased or with his wife and child at the home of deceased."

Appellant's right of self-defense was not limited by a charge on provoking the difficulty, or otherwise. The court gave appellant his perfect right of self-defense on every defensive theory. Hence it was not error to refuse to give the charge asked by appellant. Daigle v. State, 112 Texas Crim. Rep., 370, 17 S. W. (2d) 61; Ford v. State, 77 Texas

Crim. Rep., 252, 177 S. W., 1176; Williford v. State, 38 Texas Crim. Rep., 393, 42 S. W., 972.

We have not undertaken to discuss each bill of exception found in the record, but we have carefully examined all of appellant's contentions. The opinion is expressed that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his motion for rehearing appellant claims that bills of exception No. 3 was sufficient to require consideration. Upon the authorities cited in the original opinion and many others, the bill is fatally defective in failing to show that the testimony of the witness Newsome was material. The bill gives no information upon the subject and does not refer to the statement of facts, and in the motion it is implied that the statement of facts should be looked to. Such is not the law. See Branch's Ann. Tex. P. C., secs. 209 and 213, pages 134, 137; also Tex. Jur., vol. 4, p. 217, sec. 156.

Due to the penalty assessed and the appellant's contention, the statement is made that the witness gave testimony to the effect that some four days before the homicide, the deceased said that "if he (referring to appellant) puts his feet in my place, I will kill him" and that this was communicated to the appellant. Deceased was not killed at his home. Four days after the conversation, the deceased was at a place called Euless, where he was sitting on a bench in company with some friends. The appellant approached in his automobile, called the deceased, and then shot and killed him. The entire substance of Bill No. 3 is to the effect that while Newsome was testifying, he was asked how long since he had had a job. He replied that he did not know exactly but that it was a good while. Counsel then asked him if "it has been so long you can't remember having done an honest day's work." Objection to the question was sustained, and the jury instructed to disregard it. If the bill were considered in connection with all that is in the statement of facts, and especially when considered in connection with the instruction of the court to disregard the question, it would not be regarded as reversible error.

No other questions are presented in the motion which require discussion.

The motion is overruled.

*Overruled.*

ON STATE'S MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—We have carefully examined the state's motion for rehearing, but are unable to reach a conclusion other than that expressed in the original opinion.

The motion is overruled.

*Overruled.*