### FLOYD WHEELER v. STATE.

No. 23949. April 28, 1948.
Rehearing Denied June 23, 1948.

Hon. H. T. Brown, Judge, Presiding.

*E. J. Conn,* and *B. L. Collins,* both of Lufkin, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the murder without malice of E. B. (Jack) Stephenson, and by the jury given a term of three years in the penitentiary.

The facts show a killing over a trivial matter and would have supported a verdict of a killing with malice, or again, a killing in self-defense. However, this matter was settled by the jury, and we see no reason to set forth the facts in detail.

Appellant's main contention herein relates to the trial court's action in excusing from the jury venire of 120 men the twelve men who were selected and serving on another jury in a civil case which had been on trial the Friday preceding the calling of the present case on Monday. It is shown that on such Friday the trial court had adjourned the trial of this civil case until the Wednesday of the week in which this cause was called and instructed these jurors that they need not appear until such Wednesday, at which time he would continue to try the civil cause at nighttime, if necessary. Under these instructions these twelve jurors did not appear upon the call of the present case, and at such time the trial court informed appellant and his counsel that he (the court) had excused such twelve jurors. When the first one of said jurors, Hugh Tims, was called, appellant excepted to the trial court's action in excusing this juror without the presence and consent of appellant and without such juror having complied with the provisions of the law as set forth in Article 605, C. C. P. The bill of exceptions then states that appellant requested that Mr. Tims be called and brought into court and presented in the order in which his name appeared on the venire list furnished appellant. This the trial court refused to do and an exception was reserved thereto. A bill was properly presented to the court and approved with certain qualifications showing certain alleged facts, to which qualifications the appellant excepted, and the trial court failed to file his own bill, thus leaving us in the position of having to consider the original bill without the trial court's qualification thereto. Appellant insists that the trial court's action herein is governed by Art. 605, C. C. P., which reads as follows:

"Any person summoned as a juror who is exempt by law from jury service, may, if he desires to claim his exemption, make an affidavit stating his exemption, and file it at any time before the convening of said court with the clerk thereof, which shall be sufficient excuse without appearing in person. The affidavit may be sworn to before the officer summoning such juror."

Because of the exception to the court's qualification, we are left without any reason or explanation in the bill as to why this

juror, Hugh Tims, and the others were not presented to appellant when their names were reached and called on the venire.

Under the rules, when a contradition is found presented between the bill of exceptions and the statement of facts, the recitations in the bill of exceptions control. However, in this instance, we do not find a contradiction between such. We merely find the bill of exceptions failing to set forth the full facts and reasons of the trial court wherein he failed to have Mr. Tims presented to appellant as a possible juror at the time his name was called in the process of the selection of a jury.

In order that this matter may be fully understood by us, we have a precedent that allows us to look to the statement of facts.

In the case of Dixon v. State, 91 Tex. Cr. R. 217, 238 S. W. 227, it seems that during the selection of the jury, the name of a state officer was called as a prospective juror. Prior to the trial, this person had informed the trial judge of his exemption and that he wished to take advantage thereof. To this the judge gave his consent and excused the juror without requiring an affidavit from him. When the name of the juror was reached, the accused insisted upon process for him, which was refused. It was there held:

"The action of the court was erroneous, but probably not an adequate reason for reversal. It was shown upon hearing of the motion for new trial that the facts establishing the exemption of the juror really existed; that he claimed his exemption and made this known to the court before the trial."

Again, in Watkins v. State, 113 Tex. Cr. R. 488, 22 S. W. (2d) 460, it is said:

"The statutes relating to the formation of juries have always been regarded as largely directory, and a failure to follow the exact letter of the statute does not always call for a reversal. There is nothing in the bill bringing the present complaint forward which negatives the idea that the seven jurors who had been excused had not complied with said article 605 and filed affidavits of exemption; furthermore, there is no claim that the jurors did not have a legal excuse. We must presume, in the absence of a showing to the contrary that they did have, else the court would not have excused them. The sole complaint is that the court excused them in appellant's absence. There is nothing to indicate that appellant thought the court had made a mistake in excusing any of the seven jurors, or that, if brought

into court in appellant's presence, any different result would have been reached with reference to them."

Again, in Thuston v. State, 18 Tex. App. 26 (32), it is said:

"And if upon the call of the list a juror is absent, and it be made to appear satisfactorily that his absence is from sickness or other unavoidable cause, the court may undoubtedly excuse his atttendance. But, as stated above, the court cannot excuse in any instance, if not present, until his name has been called, nor then, unless the cause is unavoidable or the defendant consents."

The Thuston case, supra, was decided prior to the enactment of Art. 605, C. C. P., in 1907. Undoubtedly it was never contemplated that a court could or should do an impossible or a useless thing; that he should order a prospective juror to be brought from a sick bed into open court and excused by the court on account of such sickness, nor from any other unavoidable matter that would offer a proper excuse, especially where such appearance would endanger his health or that of others. This rule was established prior to 1907, and the rule of actual presence of the contemplated juror was further relaxed in so far as a legal exemption was concerned by Art. 605, supra. See Hill v. State, 10 Tex. App. 618; Foster v. State, 8 Tex. App. 248.

In the early case of Murray v. State, 21 Tex. App. 466, 1 S. W. 522, it was held that the many statutes relative to the method and manner of the formation of a jury in a capital felony case are but procedural and are mainly directory and not mandatory, citing the old Articles 619, 620, and 621, C. C. P. The old cited Article 619 is now Art. 603, and the old Art. 620 is now Art. 604, and the old Art. 621 is now Art. 606, C. C. P. In the Murray case, supra, the question arose as to what constituted a mandatory statute, and reference was made to the case of Wilkins v. State, 15 Tex. App. 420, in which case there was adopted the rule laid down by Justice Moore in the case of Campbell v. State, 42 Tex. 591, as follows:

"Whenever there is reason to apprehend that injury may have resulted to the defendant, especially in a case of felony, from the failure to observe directions given the court by the Legislature, we think, unquestionably, the judgment should be reversed."

See the case of Wilkins v. State, supra.

Now, let us turn to Bill of Exceptions No. 1 and see what

the same shows. It is shown therein that when venireman No. 8 on the list, Hugh Tims, was called, the trial court informed appellant's attorneys that he had excused Mr. Tims prior to the calling of this case and had advised him not to report for jury service. Whereupon, appellant objected to such action of the court in thus excusing such venireman without the consent of defendant's counsel and without said venireman having filed an affidavit with the clerk of the court showing a legal excuse why he should not serve, or showing a legal disqualification as to why he should not serve prior to said date, and defendant thereupon moved and requested the court to have such venireman brought in so that he might be tested as a juror in said cause, and defendant given the opportunity to accept said venireman as a juror unless peremptorily challenged by the State or unless challenged for cause; that defendant's counsel made known to the court that said juror would be acceptable to him if no disqualification was shown, and the court, in all things, refused to have such venireman brought into court and tested as a juror and thereby deprived defendant of his right to have such juror accepted as a juror to try said cause, and compelled him by reason thereof to accept jurors who were less desirable to him as jurors to try this cause, all greatly to his injury, etc. The trial court qualified this bill, setting forth his reasons relative to the discharge of such juror, but on account of appellant's attorneys taking exception to the qualification of this bill, we are precluded from a consideration of such qualification. The bill itself is meager and incomplete in that same does not give the full facts relative to the court's ruling, nor does it enlighten us as to when or why this juror was excused. In such event, it is permissible, in order for us to determine the probable effect of the matters complained of therein, to make an examination of the statement of facts. See Daigle v. State, 112 Tex. Cr. R. 370, 17 S. W. (2d) 61; Plummer v. State, 86 Tex. Cr. R. 487, 218 S. W. 499; Martin v. State, 107 Tex. Cr. R. 151, 295 S. W. 1098; Elkins v. State, 101 Tex. Cr. R. 377, 276 S. W. 291. No reason is shown in the bill why Mr. Tims was excused by the court, and if it is evident therefrom that Mr. Tims was excused because he was exempted under Art. 605, C. C. P., from jury service, and because he had not filed his exemption affidavit as required by such article, then the error complained of would vitiate this trial. Neither is it shown that Mr. Tims was a person exempt from jury service and would therefore be governed by Art. 605, supra, nor was it shown nor alleged that he was not unavoidably absent, which unavoidable absence is also a good reason for his being excused.

Again, since the full facts are not present in the bill nor all legal excuses negatived therein, we may resort to the statement of facts. We find in the statement of facts heard on the motion for a new trial, and in answer to the allegations in the motion for a new trial relative to the trial court's excusing this juror, as well as others, that the trial judge testified as follows:

"I am now judge of the Second Judicial District which includes the District Court of Angelina County, Texas. I was the judge that presided during the trial of Navarro vs. Gibson, a civil case, and also in the case of State vs. Wheeler, a murder case. I did not excuse any jurors from the special venire in the Wheeler case arbitrarily or without agreement of counsel or without legal excuse. Such jurors as I excused were excused by reason of agreement with counsel or by reason of a legal excuse. As to the charge specifically complained of in paragraph 9 of defendant's motion, I will say those jurors were excused because they were on a jury in a civil case that was then being tried. The Court did not excuse any juror arbitrarily and without any reason."

On cross-examination the Judge testified:

"The twelve jurors Mr. Garrison named as members of a jury in a civil case were excused by me. In excusing those jurors (from the venire) I did not consult Mr. Conn, counsel for the defendant (in the criminal case). Mr. Conn was first advised that I had excused those jurors when the case of the State of Texas vs. Wheeler came up and a list of the veniremen was being called by the clerk. That was after announcement of ready by the defendant."

Under the circumstances, we do not think that juror Tims could sit on two juries at the same time, and since he was taken on the civil jury prior to the calling of the present case, then his absence in this case was unavoidable.

The bills of exception relative to the excusing of certain jurors, without the court's qualification thereto, merely show such veniremen to have been excused by the court without any reason therefor being given. The statement of facts heard at the time of the presentation of the motion for a new trial is present in the record, and from that statement a reason is shown why these prospective jurors were thus excused. This reason set forth in the statement of facts is not contradictory of, but merely explanatory of the patent fact that such jurors were excused by the court as shown in the bill.

We quote from the case of Martin v. State, 107 Tex. Cr. R. R. 151, 295 S. W. 1098 (1103) as follows:

"It is not thought that in making the analysis above indicated of the statement of facts, violence was done to the practice which has prevailed in this court to regard the statements in a bill of exceptions as true when they are in conflict with the statement of facts. See Briscoe v. State, 27 Tex. App. 193, 11 S. W. 113. This rule, however, is to be given a rational application. Touching it, this court, in the recent case of Plummer v. State, 86 Tex. Cr. R. 493, 218 S. W. 501, used the following language:

"'In a criminal case it is necessary to read the statement of facts to determine the sufficiency of the evidence before an affirmance can be ordered; and touching the practice of this court throughout its history to consider the legal questions presented in the light of the facts, we quote the remarks of a learned lawwriter: "The Texas Court of Criminal Appeals always considers the entire record, weighing, analyzing, and thoroughly digesting all the evidence before applying the law to the case in hand." (Wharton's Criminal Evidence, vol. 1, p. 491, note.)

"'Concerning the rules of practice, it was said in substance by Chief Justice Phillips of the Supreme Court that they are not intended to encumber the courts with technical and arbitrary requirements, or to enjoin such rigid adherence to them as precludes their observance by reasonable and substantial compliance. Railway v. Pemberton, 106 Tex. 466 (161 S. W. 2, 168 S. W. 126).'

"To appraise a bill of exceptions, whether it relates to excluded testimony, or to determine whether from other sources or from the same witness testimony which in substance is the same as that, the exclusion of which is complained of, are matters which this court has always held that it had a right to do, and which right, of necessity, it must have. To the mind of the writer, in order to invoke the rule the conflict must be a necessary one. As for example, in the case of Elkins v. State, 101 Tex. Cr. R. 377, 276 S. W. 291, the bill of exceptions showed that certain testimony was given. The statement of facts upon the subject was silent. We think it was correctly held that the court was bound by the affirmative statement in the bill of exceptions and not by the negative fact that the testimony of which complaint was made was not embraced in the statement of facts. So, in the case of Briscoe v. State, supra, the complaint was of a charge given to the jury. The bill of exceptions showed that the charge was based upon facts not in evidence. The statement of

facts showed the contrary. There was a necessary conflict, and the court applying the rule was bound by the bill of exception. These and Plummer's case, supra, are illustrations."

In this present case, we are of the opinion that there is no contradiction of the bills of exception relative to the excusing of the twelve jurors found by going to the statement of facts, but merely an explanation thereof which explanation is not found in the bill.

This ruling applies to the first twelve bills of exception in the record.

Bill No. 13 complains of the action of the trial court in allowing the introduction of a photograph of the scene where the homicide was shown to have occurred, which photograph was shown to have been taken some week or ten days after the alleged homicide had occurred, because same was not shown by whom such had been taken, nor whether the latest approved methods were used in such taking, nor who developed the same, nor did it accurately and correctly portray the scene of the alleged homicide. This bill was also qualified by the trial court, to which qualification appellant excepted, and the trial judge failing to file his own bill, we are again relegated to the bill without the qualification. However, after a careful reading of the record, we think the matter, even if error, is immaterial and had no bearing on the case.

Bill No. 14 is in the same condition as Bill No. 13, and we observe the same ruling.

Bill No. 15 relates to a third picture and is in the same condition as the above two last-mentioned bills, and is overruled, as are Bills Nos. 16 and 17.

Bill No. 18 is the only bill not qualified by the trial judge, and it is also the only bill in which there is no exception to the qualification, there being none to which an exception could be taken. We think the trial court was correct in refusing to allow the offered testimony.

While the trial court should have taken care of these exceptions by filing his own bill after his qualifications were excepted to, still we see no valid reason why the full facts were not pertinently shown to this court in these bills. Surely it was not necessary to except to any qualification that stated the true

facts regardless of by whom made, and we confess our inability to understand why the truth relative to the lack of attendance of these twelve jurors should be withheld from this court.

The judgment will, therefore, be affirmed.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant cites us to the opinion in the case of Bates v. State, 19 Tex. App. 123, in which it was held that where twelve men of the special venire were out at the time of the calling of the case, they being on a jury in another case and the special venire was exhausted prior to obtaining a jury, the trial court should have ordered the twelve jurors in the other case discharged and allowed the accused to have had the privilege of a selection from such twelve jurors rather than to have ordered a special venire of twenty-four men to be summoned instanter from which the accused's jury was selected. This opinon was written in 1857 when jurisdiction of criminal matters was lodged in the Supreme Court, and this opinion has been cited in Roquemore v. State, 111 Tex. Cr. R. 77, 11 S. W. (2d) 316; Thuston v. State, 18 Tex. App. 26, and Moody v. State, 43 Tex. Cr. R. 168, 63 S. W. 641, as well as other cases. The basis of such opinions seems to be first, an exhaustion of the special venire without the presence of the veniremen engaged in the other case, and second, the presence of talesmen whose names had not been furnished the accused prior to the calling of his case. In the case of Barnett v. State, 76 Tex. Cr. R. 555, 176 S. W. 580, it is said:

"While the jury was being selected from the special veniremen summoned, when the names of three of them were reached, it was shown that they were out as jurors upon the consideration of another case. Appellant demanded that they then be brought in and passed upon. The court refused this, and required the other names on the list to be called and the trial proceeded with. However, the jury on which these jurors were engaged returned a verdict the next day, and thereupon they were examined and passed upon in this case. At another time another name on the list was reached one evening; this venireman had been in attendance until a short time before his name was called. Presuming that his name would not be reached that evening, he left, but returned the next morning. The next morning the court had him called as a juror and examined, and it developed that he had such physical infirmities as to render him unfit as a

juror, and the court excused him. To the excusing of him appellant did not object. When the name of another juror was reached on the call, because- of his sickness, the court had excused him until the next morning, when he returned. He was then called, examined, and challenged by the State. The court, in qualifying the bills as to these jurors, showed that at the time, their names were called, and he declined to postpone the case until their attendance could be had, and that when they did return and were examined, the appellant had a number peremptory challenges left. In fact, that he did not exhaust his peremptory challenges until the twelfth juror was to be selected, and that he was accepted without any challenge, and he and no other was forced upon appellant as an objectionable juror."

Again, in Jackson v. State, 30 Tex. App. 664, 18 S. W. 643, it is said:

"The statutes with regard to the formation of a jury in capital cases is directory, and not mandatory; and where substantial compliance has been observed, no irregularity or failure upon the part of the court to observe a literal compliance with said statutes will be held reversible error, unless injury to the defendant is shown. Murray v. The State, 21 Texas App. 466; Hudson v. State, 28 Tex. App. 323. A defendant can not unreasonably delay a trial on account of the absence of the jurors who have been summoned. Habel v. The State, 28 Texas App. 588."

The reason for the service upon accused of at least one day of the special venire list lies in the fact that he could conduct some investigation of the veniremen thus presented to him as possible triers of his cause. However, upon an exhaustion of such original list, reliance would have to be had upon talesmen brought in by the sheriff as provided by Art. 596, C. C. P., and of whom no time for investigation would be had in the stress of a selection of the jury.

In the cases cited by appellant's diligent attorneys, the regular jury venire, a copy of which had been served upon the accused, was exhausted, and he became faced with the proposition of finishing the selection of the jury from talesmen, a condition not found in the present instance.

There is present in this record a copy of such venire issued by the clerk and served by the sheriff on 120 men and returned by him on August 5, 1947. This cause was called for trial on

August 9, 1947, and S. M. Spivey, the twelfth and last juror selected herein was No. 82 on this venire list. There were still present on this original venire 38 more prospective jurors not called. It is apparent therefrom that appellant was not called upon to either accept or reject any prospective juror who had been summoned as a talesman. We can see no ground for an injury to have been suffered by appellant on account of excusing the jurors in the civil cause from this special venire. If any of the jurors taken herein were objectionable to him, he has not so indicated. If such there was, he still had many remaining persons properly selected from whom he could have selected a juror to take the place of the objectionable one, had he so desired.

The motion for a rehearing is overruled.