In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00094-CR


______________________________




MICHAEL LYNN KEITH, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 4th Judicial District Court


Rusk County, Texas


Trial Court No. CR04-113




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 After having been found guilty by a jury for possession of a controlled substance in the
amount of one gram or more but less than four grams, Michael Lynn Keith appeals. The jury
assessed his punishment at fifteen years' confinement in the Institutional Division of the Texas
Department of Criminal Justice.

 Keith argues three points of error: (1) that the trial court erred in allowing testimony
concerning an extraneous offense, (2) that the trial court committed error in permitting testimony to
be read back to the jury without having affirmatively determined that the jury disagreed as to its
content, and (3) that there was legally insufficient evidence to sustain the conviction.

Evidence of Extraneous Offense

 The complaint regarding the extraneous offense concerns the testimony of Officer Chad
Taylor. Officer Taylor testified that, after he and other law enforcement officers entered the
residence in which Keith and Debbie Smith were then located, they found particular kinds of
glassware, a blowtorch, miscellaneous chemical compounds, and other paraphernalia, which are
commonly used in the manufacture of methamphetamine. The offense for which Keith was charged
involved a different vial of methamphetamine which he kept in a lunch kit (not those in close
proximity to or otherwise associated with the manufacturing paraphernalia), and Keith was not
charged with the manufacture of these drugs.

 Keith maintains that admission of testimony concerning such items and a discussion of their
potential use in the manufacture of illegal substances was the injection of evidence of an extraneous
offense solely for the purpose of inflaming the jury and that the admission of such testimony was
error. He further urges the point that if the State intended to introduce evidence of an extraneous
offense, it was required pursuant to Texas Rule of Evidence 404(b) to give reasonable notice of such
intention before trial. See Tex. R. Evid. 404(b).

 At trial, the only objection lodged was to the introduction of the evidence pertaining to the
photographs taken of the drug-manufacturing equipment, this objection being pursuant to the "best
evidence" rule (Tex. R. Evid. 1002, 1003). No objection was lodged pertaining to the supposed
inflammatory nature of the extraneous offenses being injected into the trial or to the fact that no prior
reasonable notice was given to Keith of the intention of the State to introduce such evidence. 

 To preserve error for appellate review: (1) a party must make a timely, specific objection;
(2) the objection must be made at the earliest possible opportunity; (3) the complaining party must
obtain an adverse ruling from the trial court; and (4) the issue on appeal must correspond to the
objection made at trial. See Tex. R. App. P. 33.1(a); Griggs v. State, No. PD-0727-25, 2007 Tex.
Crim. App. LEXIS 99 (Tex. Crim. App. Jan. 31, 2007). The objection under the best evidence rule
to the admission of photographs of the drug-manufacturing equipment was neither sufficient to raise
the issue of the admission of evidence of extraneous offenses nor sufficient to raise the issue of the
State's failure to provide reasonable notice before trial of such proposed evidence. 

 As regards specificity, all a party has to do to avoid the forfeiture of a complaint on
appeal is to let the trial judge know what he wants, why he thinks himself entitled to
it, and to do so clearly enough for the judge to understand him at a time when the trial
court is in a proper position to do something about it. Of course, when it seems from
context that a party failed effectively to communicate his desire, then reviewing
courts should not hesitate to hold that appellate complaints arising from the event
have been lost. But otherwise, they should reach the merits of those complaints
without requiring that the parties read some special script to make their wishes
known.

 

Ex parte Little, 887 S.W.2d 62, 65 (Tex. Crim. App. 1994) (quoting Lankston v. State, 827 S.W.2d
907, 909 (Tex. Crim. App. 1992)). The objection to the introduction of this evidence on appeal does
not conform to the objection raised at trial. The failure to properly object at trial to the introduction
of evidence constitutes a waiver of error concerning its admission. Lankston, 827 S.W.2d 907. 
There is no reversible error in permitting the introduction of this evidence.

Permitting Testimony to be Read to the Jury

 Texas has long taken the position that juries should, if at all possible, hear the evidence from
the witness stand in the context of trials; to accomplish this, it discourages a rehash of testimony
after the jury has begun its deliberations. Even over 130 years ago, Texas rules restricted juries'
ability to have testimony repeated or read to them only when the jury members disagree. Campbell
v. State, 42 Tex. 591 (Tex. 1874). The current version of this restriction (remarkably similar to that
of so long ago) is Article 36.28 of the Texas Code of Criminal Procedure, which states that:

 In the trial of a criminal case in a court of record, if the jury disagree as to the
statement of any witness they may, upon applying to the court, have read to them
from the court reporter's notes that part of such witness testimony or the particular
point in dispute, and no other; but if there be no such reporter, or if his notes cannot
be read to the jury, the court may cause such witness to be again brought upon the
stand and the judge shall direct him to repeat his testimony as to the point in dispute,
and no other, as nearly as he can in the language used on the trial.


Tex. Code Crim. Proc. Ann. art. 36.28 (Vernon 2006).


 In Keith's trial, the jury sent three requests to the court to have portions of the testimony read
to it. 

 The first such request was a note which simply said, "Transcript of Michael Keith Testimony.
Thank you[,] Gloria Billingsley." The court responded with a supplemental charge which informed
the jury, in part, that, "The Court under the law is not allowed to provide you with a transcript. The
court reporter may read portions of testimony to you if you disagree about a specific statement made
by a specific witness. You must designate such statement, if any, and such witness, if any." Before
the submission of this supplemental charge, it was provided to all counsel and a request by the court
to counsel for objections to it were made on the record. Both sides announced that they had no
objection to the response as contained in the supplemental charge and it was returned to the jury
room without bringing the jury into the courtroom and reading it to them, this action also being after
each side acknowledged that they had no objection to this procedure.

 This supplemental charge to the jury was then followed by the second note signed by Gloria
Billingsley, the body of which said, "Keith's Testimony on when the Task Force entered the house.
for crediability [sic]." There was no statement in the note that the jury was in disagreement. After
receipt of this note, the court had the jury return to the courtroom and the court reporter read the
jurors a portion of Keith's testimony. 

 The third note stated, "We need the part of Mr. Keith's testimony of when he was hand
cuffed, after the Task force arrived." This was also signed by Gloria Billingsley. The court then told
Keith and the State what parts of the reporter's record it believed should be read to the jury in
response to this request, asking if counsel had objections to that portion of the record being read. 
Both responded in the negative, evidencing no objections.

 "Under Article 36.28, the jurors must disagree as to the testimony of a witness before the
testimony may be read back to them. However, a simple request for testimony does not by itself
reflect disagreement, implicit or explicit, and is not a proper request under Article 36.28." DeGraff
v. State, 962 S.W.2d 596, 598 (Tex. Crim. App. 1998) (quoting Robison v. State, 888 S.W.2d 473,
480 (Tex. Crim. App. 1994); Moore v. State, 874 S.W.2d 671 (Tex. Crim. App. 1994)). In other
words, it is disagreement among the jurors as to the content of testimony which is the genesis of its
ability to rehear the testimony--not simply to refresh the jurors' memories, emphasize the
testimony's importance, or any other reason.

 The real question here is the extent to which the trial court must go to determine whether the
requisite disagreement exists between the jurors before the court can allow testimony to be read to
them. The court had responded to the first request with the supplemental instruction to the jury
explaining the limitations on the jury being able to have testimony read to it. The jury responded
by a second written message which particularized the portion of a particular witness's testimony it
wanted to hear; it, however, did not specifically inform the court that it was in disagreement. In the
third note, the jury likewise specified the portion of Keith's testimony which it wanted to have
repeated by the court reporter, but again made no precise mention of disagreement among the jurors
about the content of that testimony.

 A trial court's decision to read back testimony from the court reporter's notes
is reviewed for abuse of discretion. Robison, 888 S.W.2d at 481. The test for abuse
of discretion is not whether, in the opinion of the reviewing court, the facts present
an appropriate case for the trial court's action; rather, it is a question of whether the
trial court acted without reference to any guiding rules or principles, and the mere
fact that a trial court may decide a matter within its discretionary authority differently
than an appellate court does not demonstrate such an abuse. 


Randon v. State, 107 S.W.3d 646, 648 (Tex. App.--Texarkana 2003, no pet.) (citing Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g)). In like fashion, the manner
in which the trial court determines whether there is a factual dispute between the jurors is left to the
court's sound discretion. Wingo v. State, 143 S.W.3d 178 (Tex. App.--San Antonio 2004), aff'd, 189
S.W.3d 270 (Tex. Crim. App. 2006). We think the supplemental charge provided by the trial court
to the jury succinctly and accurately informed the jury of the circumstances under which it could
receive a reiteration of a part of the testimony; each of the two subsequent notes sent by the jury
which requested a reading of excerpts from Keith's testimony were made with the full awareness of
the jury that the testimony could not be read for it unless there was disagreement among the jurors. 
The clearest message for the jury to have sent would have included a phrase to the effect that the
jurors disagreed; however, after having not received the results the jury requested after the first note
and then (after having received clear instructions from the court) crafting its request more
particularly, one can infer that the jury's motive was to settle a disagreement as to what had been
said. It was not necessary for the court to have repeatedly charged the jury with redundant
instructions with each request. 

 We find that the jury made a request for reiterations of the testimony based on its
disagreement and that the court acted properly in having the reporter read the testimony to the jury. 

 Even if the court had not acted properly in causing portions of the testimony to be read back
to the jury, complaints about error in the reading of trial testimony must be preserved by objection
at the time of the reading. Hollins v. State, 805 S.W.2d 475, 476 (Tex. Crim. App. 1991); May v.
State, 139 S.W.3d 93, 99 (Tex. App.--Texarkana 2004, pet. ref'd); Randon, 107 S.W.3d at 649. 
There was no timely objection; thus, we may not address this issue on its merits. The contention is
overruled.

Legal Sufficiency

 Keith complains that the evidence was insufficient to convict him of the crime of which he
was found guilty. He admits that he possessed a vial which he indicated contained less than a quarter
of a gram of methamphetamine, but that he did not have as much as a gram. He further avers that
the vial of methamphetamine which the law enforcement officers had said was in his possession was
different from the vial which he actually owned. 

 Contrarily, Officer Taylor testified that he found the lunch kit containing the vial of
methamphetamine in the bedroom after having been told by Keith that Keith had methamphetamine
in a lunch kit. Taylor further testified that the vial introduced into evidence was the vial found in
that lunch kit. Officer Taylor stated that he had sealed the evidence in an envelope and turned it over
to Officer David Salazar, who initialed it and transported it to the Department of Public Safety (DPS)
laboratory for testing, where its receipt was noted on the evidence envelope. Lynette Jonas, a
supervising forensic chemist with the DPS laboratory, testified that the contents of the vial had been
measured and that it contained 1.26 grams of methamphetamine. After having conducted testing and
measuring, the laboratory returned the evidence to its envelope, initialed the envelope, and returned
it to Officer Taylor, who then produced it for entry into evidence at the time of trial. Thus, a direct
chain of custody was preserved and established at trial. 

 In opposition to this, Keith introduced a different vial (apparently smaller, designed to hold
only one gram) than that which was introduced by the State, saying that the vial that he actually
owned was the size of the one he introduced; his contention was that the vial containing
methamphetamine which the State had introduced was different from and larger than the one which
he had in his possession that night. He maintained that although he was admittedly in possession
of methamphetamine, it was less than one gram and, therefore, he was guilty of a lesser crime than
that with which he was charged. 

 In reviewing the legal sufficiency of the evidence, we view the relevant evidence in the light
most favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000). 

 Obviously, the story of Keith and the evidence provided by the State's witnesses cannot both
be correct. The jury was provided enough evidence from both to believe either, but the jury could
not believe both. The jury chose to believe the witnesses for the State, and there was legally
sufficient evidence on which the jury could rest its verdict. 

 We find that there was sufficient evidence for the jury to convict Keith of the crime with
which he was charged.

 No reversible error has been shown; we affirm the judgment.





 Bailey C. Moseley

 Justice


Date Submitted: January 24, 2007

Date Decided: March 6, 2007


Do Not Publish



ot held that pretrial habeas is the only method that
may be used to address the issue. That is not, however, the question before us. Our
problem is somewhat simpler: was the trial court required to rule on the motion before it. 
For several reasons, we conclude that it was.
          First, the cases cited above all support the general concept that a party is entitled
to have a ruling on its motions at an appropriate time for the type of pretrial proceeding
involved. See In re Greenwell, 160 S.W.3d 286, 288 (Tex. App.—Texarkana 2005, orig.
proceeding) (party entitled to ruling on pretrial motion rather than being required to wait
until trial). 
          Second, there are policy reasons that support such a requirement in this particular
context. 
          We recognize that this issue could have been raised at trial or by a motion to quash
the indictment, and could be raised before this Court on appeal. The availability of a
possible alternative method for the defendant to ultimately obtain review, however, does
not mean the trial court can properly avoid the issue set out by the defendant to that end. 
          This concept was recently examined by the Texas Court of Criminal Appeals in
Greenwell v. Court of Appeals for Thirteenth Judicial Dist., 159 S.W.3d 645, 648–49 (Tex.
Crim. App. 2005). The court recognized that "potential review at a later time is not always
or automatically an adequate remedy: 'In some cases, a remedy at law may technically
exist; however, it may nevertheless be so uncertain, tedious, burdensome, slow,
inconvenient, inappropriate, or ineffective as to be deemed inadequate.'" As examples of
occasions when mandamus should be available, the court pointed to situations where a
court had removed appointed counsel before trial, and pretrial habeas where some types
of double jeopardy claims were raised—because the protection of the constitutional right
required review before exposure to double jeopardy occurred. Id. at 649.
          In this case, to unnecessarily expose Shaw to trial before determining whether the
statute criminalizing her behavior would pass constitutional muster has the potential to be
wasteful both of the resources, time, and effort of the court and the State, as well as those
of the defendant herself. 
          Third, this was an application for writ of habeas corpus. This proceeding has been
a foundational protection in the republic since the inception of this country. U.S. Const.
art. I, § 9, cl. 2.


 To allow a court to avoid any review of its action on a habeas proceeding
by granting the writ, but then declining to rule on the merits of the proceeding, is not
consistent with those protections.
          For all the reasons stated above, the petition for writ of mandamus is conditionally
granted. The writ will issue only if the trial court fails to take appropriate action in
accordance with this opinion. Subject to the court taking such action, the order issued by
this Court October 5, 2005, staying the proceedings in the case styled State of Texas v.
Shaw, cause number 05,18,176, in the Eighth Judicial District Court of Hopkins County,
Texas, is hereby dissolved.


                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      October 27, 2005
Date Decided:        October 28, 2005