## J. H. HICKMAN V. THE STATE.

### No. 2649. Decided February 25, 1903.

**1.—Forgery—Indictment—Limitations.**

Prosecutions for forgery, under our statutes, are barred in ten years, and an indictment setting out the forged instrument, which shows on its face that it is barred, and there are no explanatory allegations taking it out of the operation of the statute, is fatally defective.

**2.—Same—Repugnancy.**

Where the instrument declared on as a forgery shows that it was executed July 2, 1892, and the indictment alleged that the forgery was committed on the 2d of July, 1902, and there are no explanatory averments, the allegations are repugnant and totally irreconcilable.

Appeal from the District Court of Wichita. Tried below before Hon. A. H. Carrigan.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

Defendant's motion to quash the indictment setting up limitations and repugnancy, was overruled.

No statement is required.

*G. F. Thomas, J. W. Chancellor,* and *Speer & Speer,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State

DAVIDSON, PRESIDING JUDGE.—The indictment charges that appellant, on the 2d day of July, 1902, forged the following instrument: "Wichita Falls, Texas, July 2, 1892. No. —. The Panhandle National Bank of Wichita Falls pay to R. H. Smith or Bearer Seven —— Dollars $7.00. Boney McIntire."

The indictment contains neither explanatory averments nor innuendo allegations. Motion to quash was based, first, upon the ground that the instrument itself shows that the offense was barred by the statute of limitations when presented by the grand jury; second, that it was re-

pugnant in its averments, in that the forgery was alleged to have been committed on the 2d day of July, 1902, whereas the instrument showed on its face to have been committed on July 2, 1892. We believe both points are well taken. The instrument purports to have been executed on July 2, 1892. The indictment was preferred by the grand jury on October 29, 1902, something over ten years after the purported execution. Prosecution for forgery is barred under our statute in ten years. The other proposition—that is, that the allegations are repugnant—we think is manifest. While the instrument bears date July 2, 1892, it may have been executed on July 2, 1902, as a matter of fact. This is not explained in the indictment, but the two allegations are left standing, one alleging the execution on July 2, 1902, and the instrument itself showing that it was executed on July 2, 1892. Without some explanatory averments, these matters are totally irreconcilable.

Believing the motion to quash should have been sustained, and the indictment is vicious, the judgment is reversed, and the prosecution ordered dismissed.

*Reversed and dismissed.*