CASE 107—PROSECUTION AGAINST HENRY COMBS, FOR SELLING LIQUOR
WITHOUT A LICENSE.—FEB. 10.

# Combs v. Commonwealth.

APPEAL FROM KNOTT CIRCUIT COURT—D. W. GARDNER, CIRCUIT
JUDGE.

DEFENDANT CONVICTED AND APPEALS. REVERSED.

INDICTMENTS—DATE OF OFFENSE—PRIOR INDICTMENTS.

1. An indictment for an ordinary misdemeanor must show that
   the offense was committed within twelve months prior to the find-
   ing of the indictment, unless it is in lieu of a former indict-
   ment, in which case it must show that the offense was com-
   mitted within a year before the former indictment was found
   or the prosecution was begun, and that that indictment was
   dismissed and the prosecution was then resubmitted to the
   grand jury.

2. An indictment returned July 20, 1904, charging defendant
   with having sold liquor without a license on July 18, 1904, and
   further stating that a former indictment for the offense, filed
   on November 13, 1903, has been stolen and can not be found, is
   bad, in view of the conflict of dates, for failing to show that the
   offense was committed within twelve months before it was found
   by the grand jury.

ROBT. L. GREENE, ATTORNEY FOR APPELLANT.

Appellant was tried and fined $100 on each of six indictments
for selling liquor without a license, two of which were filed
July 20, 1904, and four on July 21, 1904, in each of which
the following or similar language occurs:    "This indictment
is in lieu of a former one filed on the .... day of March,
1904, and which has been lost, and can not now be found."

1. We insist that in neither case is there such a statement
of the facts constituting the offense, and the manner and time
of its commission, as to enable a person of common under-
standing to know what is intended.

2. There is no allegation that the offense was committed with-
in twelve months before the finding of the original indictment,
but on the other hand it seems that the defendant is indict-

Combs v. Commonwealth.

ed in November, 1903, and March, 1904, for an offense committed in July, 1904.

3. We submit that the indictments are misleading, uncertain and inconsistent and the demurrer to each of them should have been sustained.

### AUTHORITIES CITED.

Crim. Code, sec. 122, 124, 129; Williams v. Com., 37 S. W., 839; Com. v. Taylor Co., 43 S. W., 3991; Com. v. McGill & Co., 40 S. W., 695; N. N. &c. Co. v Com., 14 R., 197; Tully v. Com., 13 Bush, 153.

N. B. HAYS, ATTORNEY GENERAL, FOR APPELLEE.
     (No brief in the record.)

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—AFFIRMING.

Appellant was indicted in six cases for selling liquor without a license in the county of Knott. He was found guilty in each case, and his punishment fixed at a fine of $100. The six indictments were returned into court on the 20th or 21st day of July, 1904, and were tried on the same day they were returned. The defendant entered a demurrer to the indictment in each case, which was overruled, and the correctness of this ruling is the only question to be determined on the appeal.

The indictments are, in substance, all the same, with the exception of the name of the person to whom the sale was made. One of them, which may be taken as a sample of the others, is as follows: · "The grand jury of Knott county, in the name and by the authority of the Commonwealth of Kentucky, accuse Henry Combs of the offense of unlawfully selling spirituous liquor without a license so to do, committed as folows: The said defendant, on the 18th day of July, 1904, in the county and circuit aforesaid, did unlawfully sell spirituous liquors to Bob Thacker without a license to do so. A former indictment for said offense filed

on the 13th day of November, 1903, has been stolen and
can not be found, against the peace and dignity of the Com-
monwealth of Kentucky." The rule is that an indictment
must show on its face, where an ordinary misdemeanor is
charged, that it was committed within twelve months before
the finding of the indictment, unless it is in lieu of a former
indictment, and then it must show that the offense was
committed within a year before that indictment was found
or the prosecution was begun. In Williams v. Common-
wealth, 37 S. W., 680, 18 Ky. Law Rep., 666, the court said:
"Section 129, Cr. Code, is as follows, to-wit: 'The state-
ment in the indictment as to the time at which the offense
was committed is not material further than as a statement
that it was committed before the time of finding the indict-
ment, unless the time be a material ingredient in the of-
fense.' The offense with which the defendant is charged
is a misdemeanor, and, unless the indictment was returned
within twelve months after its commission, the statute of
limitation operates as a bar to the prosecution. Therefore
the time is a material ingredient in the offense." In
Stamper v. Commonwealth, 102 Ky., 36, 19 R., 13, 42 S. W.,
915, the court again said: "Another objection is made on
account of omission of the formal statement that the al-
leged offense was committed within twelve months before
the indictment was found. The reason for requiring that
statement in an indictment for a misdemeanor is that the
plea of limitation should be by the Commonwealth antici-
pated, and made to appear prima facie precluded. But as
the indictment in question was found and returned Novem-
ber 9, 1896, and contains a specific averment that the al-
leged offense was committed November 2, 1896, no further
statement on the subject was needed." In Commonwealth
v. Cook, 102 Ky., 288, 19 R., 1336, 43 S. W., 400, the above

was approved in these words: "It is objected to the insufficiency of this indictment that there is no averment that the offense was committed within twelve months before the finding of the indictment. This court has recently held, in the case of Stamper v. Commonwealth, 102 Ky., 33, 19 R., 13, 42 S. W., 915, that the averment mentioned was unnecessary, providing the date alleged for the commission of the offense was within twelve months before the finding of the indictment. It was therefore not necessary to the sufficiency of the indictment to make averments showing that this indictment was but a continuation of a previous prosecution not barred by the statute." As to what averments are necessary to show a continuous prosecution, and avoid the bar of the statute thereby, in Commonwealth v. Megibben Company, 101 Ky., 198, 19 R., 291, 40 S. W., 695, the court thus stated the law: "On the other hand, it is claimed on behalf of the Commonwealth that this prosecution was a continuous one; the indictment containing the statement that 'the offense herein charged is the same offense charged in indictment No. 1, 014, filed in this honorable court on February 16, 1896." This statement fails, however, to show whether the other indictment was pending, or whether it had been quashed and the case re-referred to the grand jury, or whether it had been dismissed by the commonwealth's attorney and re-referred. In N. N. & M. V. R. Co. v. Commonwealth, 14 Ky. Law. Rep., 197, following Tully v. Commonwealth, 13 Bush, 153, it was held that a new indictment found by a grand jury, to which the prosecution has been re-referred, can not be regarded as a continuation of a former prosecution, so as to avoid the statute of limitations, unless it alleges the facts as to the former indictment, its dismissal, etc., and thus clearly upon its face shows that the prosecution was intended to be a continuous one."

It will be observed that the indictment before us, in so far as it relates to the previous indictment, is insufficient, under this rule, as it does not show the dismissal of that indictment, or that the prosecution was then re-submitted to the grand jury. The statement in the indictment that the offense was committed on July 18, 1904, is inconsistent with the statement also made in it that a former indictment for the same offense was filed on November 13, 1903. If we reject both these allegations as neutralizing each other, there is nothing in the indictment to show when the offense was committed. The indictment, therefore, as a whole, is uncertain, and does not show that the offense charged was committed within twelve months before it was found by the grand jury, and the demurrer to it should have been sustained.

Judgment in each case reversed, and cause remanded for further proceedings consistent herewith.