### Jasper Gatewood v. The State.

No. 11309.    Delivered January 4, 1928.

**Theft—A Misdemeanor—Evidence—Erroneously Excluded.**

Where appellant, on trial for a misdemeanor theft, was not permitted to introduce a witness in his behalf because said witness was charged with the same offense, and the state wholly failed to prove such fact, it was reversible error to reject the testimony of said witness. Following Traylor v. State, 23 S. W. 798, and other cases cited.

Appeal from the County Court of Grayson County. Tried below before the Hon. R. M. Carter, Judge.

Appeal from a conviction for a misdemeanor theft, penalty a fine of ten dollars and forty days in the county jail.

*E. W. Neagle* of Sherman, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant was convicted for the theft of three gallons of gasoline valued at sixty cents, and his punishment assessed at a fine of ten dollars and forty days in jail.

The gasoline was stolen from a pump house belonging to one Bern Everhart. Appellant offered as a witness, Clessie Gatewood, by whom he expected to prove that witness was with appellant on the night of the theft and that neither appellant nor any other member of their party went into the pump house in question or took any gasoline therefrom. The state objected to said witness testifying on the ground that he was charged with the same offense as that for which appellant was on trial. The reasons for the objection appear in the bill as grounds of objection only. There is no certificate of the fact that the witness was under a legal charge for the same offense as appellant, and if such was the fact it is nowhere made to so appear in the record. The state seems to have rested on the objection urged without making proof to establish the truth of the facts upon which the objection was based. Under such circumstances the action of the court in not permitting the witness to testify

was erroneous. Traylor v. State, (Tex. Crim. Rep.), 23 S. W. 798; Day v. State, 27 Tex. Crim. Rep. 143, 11 S. W. 36; Thomas v. State, 66 Tex. Crim. Rep. 326, 146 S. W. 878; Deatherage v. State, 91 Tex. Crim. Rep. 181, 237 S. W. 1111; West v. State, 98 Tex. Crim. Rep. 653, 267 S. W. 781. The expected evidence was material and its exclusion hurtful to appellant.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*