Oscar Roquemore v. The State.

No. 11984.    Delivered November 21, 1928.

78

The opinion states the case.

*Chastain & Judkins* of Eastland for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is robbery; punishment fixed at confinement in the penitentiary for a period of fifteen years.

Appellant was charged with robbery by the use of firearms and also with theft from the person. The offense being a capital one, a special venire was necessary.

If Bill of Exceptions No. 1 is comprehended, it discloses the following: A special venire writ was issued and returned by the sheriff and a copy of the return served upon the appellant as required by Art. 600, C. C. P., 1925. Some nineteen of the persons whose names were upon the list, with which the appellant was served showing the veniremen summoned, failed to appear during the impanelment of the jury. Upon the non-appearance of the first of the absent veniremen the appellant demanded that the court cause the veniremen to be brought into court and that pending the effort the proceeding be suspended. A like demand was made with reference to each of the absent veniremen as their names were respectively reached upon the list. The court declined to issue process and also declined to suspend the proceedings but stated that if the veniremen could be found he would have them brought into court. The court directed the sheriff to bring the absent unexcused veniremen into court, and the sheriff tried to get in touch with them by telephone but could not reach them, there being but few telephones in the rural communities in which the veniremen resided. No effort was made by the sheriff or his deputy to see the absent veniremen in person. After the list of the veniremen was exhausted, the jury still being incomplete and the appellant still having peremptory chal-

lenges, the court ordered that talesmen be summoned. The appellant objected to passing upon the talesmen, insisting that before doing so the absent unexcused veniremen be brought into court. It was shown that two of the veniremen had left the county and that one of them was a woman. With that exception there was no explanation of the cause of the absence of the other veniremen who did not appear. At the time the venire writ was issued, the appellant's attorney had agreed that the sheriff might serve the veniremen by written notice delivered through the post-office. It appears from the return, (which is copied in the bill) that there was personal service as required by statute, the return reading as follows:

"Came on to hand this first day of March, 1929, at 10 o'clock A. M., and executed the following named persons by verbally summoning each of them in person on the following dates and at the following places, all of whom were summoned in Eastland County, to-wit:"

This return shows service in accord with the statute, Art. 597, C. C. P., 1925. In Art. 602, C. C. P., it is declared:

"An attachment may issue on request of either party for any absent summoned juror, to have him brought forthwith before the court."

It has been held that where a part of the veniremen who were summoned in a capital case were placed on a jury in another case, the proceedings should be suspended until the veniremen were released from the other jury. See Bates v. State, 19 Texas Rep. 123; Thuston v. State, 18 Tex. Crim. App. 26; Moody v. State, 43 Tex. Crim. Rep. 168. The holding seems to be upon the idea that the accused is not to be deprived of his right to pass upon the veniremen seriatim as they appear upon the list served upon him by the action of the court itself in causing the veniremen to serve upon a different jury. Under special circumstances set out in the opinion in the case of Barnett v. State, 76 Tex. Crim. Rep. 563, the procedure mentioned was not strictly followed. The opinion, however, was by a divided court. A different rule has been applied in instances like the present where there is a mere failure of the summoned veniremen to appear. The rule announced in Hudson's case, 28 Tex. Crim. App. 323, is in substance that while the right to. pass upon the summoned veniremen seriatim as their names appear on the list should be accorded, the trial court is vested with judicial discretion under which he may refuse to suspend the procedure pending the appearance of the absent veniremen if securing their attendance would

result in an unreasonable delay of the trial. See Thuston v. State, supra. In the absence of some fact shown at the time which would render the issuance of an attachment for the absent summoned jurors useless as in the case of Boatwright v. State, 94 Tex. Crim. Rep. 87, we find no precedents which would sanction the refusal of the court to comply with a timely and proper request to issue process for the absent summoned jurors as required by Art. 602, supra, before resorting to talesmen. It is believed, therefore, that in forcing the accused to select a jury in part from talesmen, without issuing process for the absent summoned veniremen the trial judge was in error. While it has been correctly held that the statutes regulating the formation of the jury in capital cases is directory to the extent that a substantial compliance will suffice (Murray v. State, 21 Tex. Crim. App. 466), it is not believed that in the present instance the refusal to issue process for the absent summoned jurors was a mere irregularity, but that it deprived the accused of a valuable right guaranteed by the statute, namely, to have notice in advance by service of the return of the venire writ on the persons from whom the jury to try him was to be selected and to have process to secure their attendance before they were substituted by the summoning of talesmen by the sheriff.

The qualification to the bill of exceptions over the objection of the accused cannot be considered. See Thomas v. State, 83 Tex. Crim. Rep. 325; Moore v. State, 87 Tex. Crim. Rep. 569.

There are certain objections to the charge of the court which have been examined and which are not deemed tenable or of such importance as to require discussion.

The complaint of the refusal of the court to instruct the jury that there should be an acquittal if the appellant snatched the pocketbook and money from Bailey so suddenly as not to allow time for resistance is not deemed tenable. There was a count in the indictment charging theft from the person, which was dismissed. That offense is defined in Art. 1438, P. C., 1925, in which, in subdivision 2, the following language is used:

"The theft must be committed without the knowledge of the person from whom the property is taken, or so suddenly as not to allow time to make resistance before the property is carried away."

From the proof it is understood that at night-time as Bailey stepped off a train he was met by two men, one of whom with a pistol in his hand, said: "Stick them up." Before Bailey had time to comply with the command, the other man seized him and by force

took the pocket-book from his person. It was not taken without his knowledge, and at the time it was taken he was in no position to resist as he was faced by two assailants, one of whom had a drawn pistol in his hand. A more extended rehearsal of the evidence is deemed unnecessary. It but emphasizes the fact that the offense was robbery.

Appellant placed upon the stand a negro woman as a witness from whom he expected to elicit material facts supporting his defense of alibi. The district attorney objected to the testimony stating that the witness was indicted for an offense growing out of the same transaction as that for which the accused was on trial. To justify the court in excluding her testimony upon the ground that the witness was charged with an offense growing out of the same transaction, it was necessary that there be not only an objection but that there be some proof before the court showing the fact that the witness was so charged. This has been held in many cases collated in the opinion of this court written by Judge Hawkins in Gatewood's case, 1 S. W. (2d) 625. The trial court would have judicial knowledge of the contents of the records of the court including indictments, but where there was a mere indictment, he would not have judicial knowledge of the identity of the parties or the transactions. The court attempted to qualify the bill but it affirmatively appears that the appellant objected to the qualification, and the bill must therefore be considered without the qualification. See Thomas v. State, supra; Batchan v. State, 104 Tex. Crim. Rep. 228; Dowd v. State, 104 Tex. Crim. Rep. 480; Clayton v. State, 108 Tex. Crim. Rep. 19. In refusing to receive the evidence under the circumstances shown by the bill, error was committed.

Because of the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*