FRITZ DINKLAGE v. THE STATE.

No. 19769.   Delivered June 1, 1938.

The opinion states the case.

*McCartney, McCartney & Johnson,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—The appellant was indicted by a grand jury of Comanche County for the crime of accomplice to burglary with intent to commit theft, in that he, not being present, advised, commanded and encouraged Benton Layman to commit the offense of burglary and theft. Upon his trial he was convicted by the jury and given a punishment of two years in the penitentiary.

In a motion to quash the indictment, and abate such prosecution, attorneys for appellant alleged that it was made to affirmatively appear that the charges and offenses alleged therein as having been committed by the appellant had happened and taken place in the month of August, in the year 1933, and that it was shown therefrom that the indictment charging such offense had been returned by the grand jury on October 21, 1937, more than four years after the date of the charged offense.

The appellant contended that the statute of limitations pertinent to the crime of an accomplice to burglary and theft was Article 180, C. C. P., which reads as follows:

"An indictment for any other felony may be presented within three years from the commission of the offense, and not afterward; except murder, for which an indictment may be presented at any time."

The difficulty in this matter presents itself in the following manner: The limitation statute for theft, arson, burglary, robbery and counterfeiting has been set by the Legislature as five years,—see Article 179, C. C. P.,—and we find ourselves confronted with the proposition that an accomplice to burglary can only find his guilt in the crime itself, and is punished in the same manner as the principal in such crime. However, we have heretofore held that the offense of an accomplice to a crime, and the crime itself, are separate and distinct offenses. In the case of Martin v. State, 198 S. W. 956, this Court held that the offense of arson and accomplice to arson were separate offenses. Following the Martin case, this Court held that the suspended sentence law was applicable to the offense of accomplice to robbery, although same was not applicable to the crime of robbery itself, in the Parrish case, 71 S. W. (2d) 274. These cases are the established law of the land, and maintain the doctrine of the separateness of such crimes.

There is no statute of limitation mentioning the offense of an accomplice to crime. This offense then naturally falls into the limitation contained in Article 180, C. C. P., which is set at three years. It therefore follows that an indictment found on October 21, 1937, charging the offense of an accomplice to burglary committed in August, 1933, comes too late, and shows upon its face to be barred by the statute of limitation. So believing, it is our duty to reverse this judgment and order the prosecution dismissed.

However, we feel it our duty to call the attention of the Legislature to this condition of our statutes in regard to the limitation of criminal actions which allow the State to go back for five years and indict for a commission of the crime of theft, arson, robbery and counterfeiting, yet it can only go back three years in the prosecution of one charged as an accomplice to such crime. The better rule, so it seems to us, would be to make the limitation governing the accomplice or accessory the same as the limitation governing the parent crime.

In passing we feel that we should express our appreciation for the clear and concise brief furnished us by appellant's attorneys, and the splendid tribute paid therein to one of the young attorneys in the trial who met his untimely death in an automobile accident.

The judgment is reversed and the prosecution ordered dismissed.