# JUNE 23, 1943

### GARLAND ANDERSON V. THE STATE.

No. 22525. Delivered June 2, 1943.
Rehearing Denied June 23, 1943.

The opinion states the case.

Appellant represented himself.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of knowingly passing a forged instrument, and the punishment assessed is confinement in the State penitentiary for a term of four years.

There is not any question raised as to the sufficiency of the evidence to sustain the conviction. The only contention made by appellant relates to the court's action in overruling his motion to quash the indictment which, omitting the formal parts, reads as follows:

"That on or about the 15th day of December, A.D. 1941, and anterior to the presentment of this Indictment, in the County and State aforesaid Garland Anderson did, then and there unlawfully, knowingly and fraudulently pass as true to H. W. Sebern, a forged instrument in writing to the tenor following:

Mexia, Texas, 12/15 19ᴊ4 No. 06020

SIMS TRUCKING CONTRACTORS

PAY TO        Garland Anderson        OR BEARER        $33.60

- - - Thirty Three Dollars Sixty Cents Only - - - DOLLARS

FARMERS STATE BANK    )    SIMS TRUCKING CONTRACTORS·
                      )
MEXIA, TEXAS          )    BY G. B. Anderson"

Appellant bases his motion on two grounds: The first is that the alleged forged instrument is dated, "Mexia, Texas, 12/15/19ᴊ4", which is an impossible date, while the offense is alleged to have been committed on December 15, 1941, and the date of the purported instrument set out in the indictment is either 12/15/1934, or 12/15/194, which last date would be 1800 years ago. The second ground is that the alleged forged instrument is made payable to Garland Anderson, the defendant, and is executed by G. B. Anderson, who is the same person as Garland Anderson; and there is no allegation that Garland Anderson and G. B. Anderson are not the same persons.

It will be noted that the alleged forged instrument which appellant is charged to have passed is a check—a commercial instrument—which created a pecuniary obligation on the Sims

Trucking Contractors, even though it bore no date at all. See Boles v. State 13 Tex. Cr. App. 650; Simon v. State, 99 Tex. Cr. R. 286; Daily v. State, 135 Tex. Cr. R. 655.

It occurs to us that it is not of any moment when or by whom the forgery might have been committed. If appellant passed the instrument, knowing at the time that it was forged, he would nevertheless be guilty of knowingly passing a forged instrument with intent to defraud regardless of when the forgery was committed, provided the indictment charged that it was passed at a time not so remote that the offense was barred by the statute of limitation.

In the instant case, it was charged and proven that appellant passed the instrument in question on or about the 15th day of December, 1941. Consequently, the offense of passing a forged instrument was not barred by the statute of limitation. Even though the alleged forged instrument bears a date which indicates that it was forged some years prior to the time that the indictment was returned, this would not vitiate the indictment for passing the alleged forged instrument, since the offense of passing the instrument in question was charged to have been committed on December 15, 1941. If appellant had been charged and prosecuted for the offense of forgery and it had appeared from the face of the indictment that the offense was committed more than ten years prior to the return of the indictment then, no doubt, the court would have sustained the motion to quash, but we have no such question before us in this case, since he was charged and convicted of the offense of knowingly passing as true a forged instrument with intent to defraud. See Hickman v. State, 44 Tex. Cr. R. 533.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant contends in his motion that because of the peculiar date of this check same is not a pecuniary obligation as is contemplated by Art. 989, P. C., which reads as follows " 'Pecuniary obligation' means every instrument having money for its object,

and every obligation for the breach of which a civil action for damages may be lawfully brought."

Appellant desires to interpolate in such statute the words "successfully brought," his contention being that a plea of limitation could be successfully interposed by the obligor, provided the instrument set forth in the original opinion was genuine. It has been held in Boles v. State, 13 Tex. Cr. App. 650, that an instrument without any date at all is the subject of forgery, and in the case of Hendricks v. State, 9 S. W. 555, where an instrument in writing dated 188_____, leaving out the final digit, was held to be the subject of forgery; also see Dixon v. State, 26 S. W. 501.

We think the phrase "may be lawfully brought" should not be construed to mean "may be lawfully and successfully brought." Unquestionably a civil action might have been predicated upon the instrument herein discussed, although a recovery on same might have been defeated by the interposition of a special plea of limitation, and we herein hold that such instrument, if true, imported a legal obligation, and was the subject of forgery.

The motion is overruled.