## B. F. DONALD, JR. V. STATE

No. 28,882. June 19, 1957.
State's Motion for Rehearing Overruled.
October 30, 1957.

*Percy Foreman*, Houston, and *Luther E. Jones, Jr.*, Corpus Christi, for appellant.

*Sam Burris*, District Attorney, Alice, *Sidney P. Chandler* and *Sam C. Ratliff*, Assistants Attorney General, Austin, *Wallace T. Barber*, District Attorney, San Marcos, *H. A. Triesch*, County Attorney, New Braunfels, and *Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was separately tried and convicted of the offense of conspiracy to commit a felony and his punishment assessed at confinement in the penitentiary for a term of five years.

The indictment was returned in the 79th Judicial District Court of Duval County on the 4th day of November, 1955. Upon the court's own motion, venue was changed to Hays County and thereafter the cause was transferred to the district court of Comal County where trial and conviction were had from which appellant brings this appeal.

In view of our disposition of the case a recitation of the facts is unnecessary.

The indictment contains two counts, each of which charges appellant with the substantive offense of conspiracy and alleges that the offense was committed on or about the 1st day of September, A.D. 1951.

Appellant presented numerous exceptions to the indictment which were by the court overruled. Among those presented was the following: "(b) because it appears from the face of each count of the indictment that a prosecution for the offense therein charged against the defendant is barred by lapse of time."

In the absence of a statute specifically fixing a limitation period within which an indictment for conspiracy may be presented, the provisions of Art. 180, Vernon's Ann. C.C.P., are applicable which provide; "An indictment for any other felony may be presented within three years from the commission of the offense, and not afterward; except murder, * * *."

Art. 396, Vernon's Ann. C.C.P., prescribes the requisites of an indictment and requires in subdivision No. 6 that *"The time mentioned must be some date anterior to the presentment of the indictment and not so remote that the prosecution of the offense is barred by limitation."*

From the allegation of the indictment it appears that the indictment was presented more than three years after the date the offense was alleged to have been committed.

In 23 Texas Jur. 650, Sec. 41, it is stated: "Whenever the offense is subject to limitation an indictment or information must show that it was committed within the period of limitation." Under the decisions of this court if the date alleged shows the offense to be barred by limitation, the indictment, information, or complaint so alleging is bad. 1 Branch's Ann. P.C., 2nd Ed., 456, Sec. 456; Blake v. State, 3 Texas App. 149; Reed v. State, 13 S.W. 865; Harwell v. State, 65 S.W. 520; Bradford v. State, 62 Texas Cr. Rep. 424, 138 S.W. 119; Herron v. State, 150 Texas Cr. Rep. 475, 203 S.W. 2d 225, and Dixon v. State, 161 Texas Cr. Rep. 626, 279 S.W. 2d 868.

The state argues in support of the indictment that the crime of conspiracy charged therein is a continuing offense, that each overt act done in pursuance of the conspiracy tolls the statute

of limitation and that since the proof showed overt acts committed within the limitation period the offense charged was shown not to have been barred by limitation. Numerous cases from other jurisdictions including federal decisions are cited and relied upon by the state.

In passing upon the sufficiency of the indictment it does not become necessary to determine the question whether the substantive offense of conspiracy in this state under the provisions of Arts. 1622-1626, Vernon's Ann. P.C., is a continuing offense.

The date which it is charged the conspiracy was entered into is beyond the period of limitation and the indictment does not allege the performance of any overt act in furtherance of the conspiracy occurring within the period of limitation.

In those jurisdictions where the crime of conspiracy is held to be a continuing offense the failure to allege the commission of an overt act within the period of limitation would render the indictment insufficient. See Pinkerton et al v. United States, 145 F. 2d 252. Nor would proof that overt acts were committed within the period of limitation suffice as the sufficiency of an indictment is measured by its allegations rather than the proof offered. Mealer v. State, 66 Texas Cr. Rep. 140, 145 S.W. 353.

The state further argues in support of the indictment that the prosecution was not barred by limitation because the statute was tolled under the provisions of subdivisions 2 and 3 of Art. 183, Vernon's Ann. C.C.P., by reason of the pendency of a prior indictment charging appellant with the same offense, returned by a grand jury of Duval County on July 16, 1954, and thereafter dismissed by the court on March 28, 1956.

These matters urged by the state as tolling the statute of limitation are not available to sustain the indictment because they were not alleged.

In 23 Texas Jur. page 630, Sec. 30, on the subject of indictment and information the rule is stated:

"The state is not bound to anticipate or negative defenses on the part of the accused but if the pleading shows on its face that the prosecution is barred by the statute of limitations, facts should be alleged which avoid the statute."

We think the rule stated is sound and should be followed

and is in keeping with the mandatory provisions of subdivision 6 of Art. 396, supra, which requires that the time mentioned in an indictment be some date anterior to its presentment and not so remote that the prosecution of the offense is barred by limitation and also with the well-established rule that the burden is on the state to show that the offense was committed within the period of limitation and the accused is not required to plead limitation as a defense. 1 Branch's Ann. P.C. 2d Ed., 639, Sec. 661, and cases there cited. Such rule has also been announced and followed in other jurisdictions. See State v. Drum, 217 S.W. 23 (Mo. Sup., 1919); Combs v. Commonwealth, 84 S.W. 753, 119 Ky. 836 (1905); People v. McGree, 36 P. 2d 378 (Cal. Sup., 1934); Hollingsworth v. State, 65 S.E. 1077 (Ga. App., 1909); People v. Ross, 156 N.E. 303 (Ill. Sup., 1927); People v. Reiser, 269 N.Y.S. 573 (1934), and State v. McNeal, 105 So. 381 (La. Sup., 1925.)

The provisions of Art. 411, Vernon's Ann. C.C.P., that presumptions of law and matters of which judicial notice is taken need not be stated in an indictment does not obviate the necessity of the indictment alleging facts which avoid the statute of limitations. A court can take judicial knowledge of the contents of the court records including indictments but not of the identity of the parties or transactions alleged therein. Roquemore v. State, 111 Texas Cr. Rep. 77, 11 S.W. 2d 316.

The indictment being insufficient, the judgment is reversed and the prosecution ordered dismissed.

Opinion approved by the Court.

WOODLEY, Judge, dissenting.

The indictment herein, returned by a grand jury of Duval County on November 4, 1955, alleges that George B. Parr, D. C. Chapa, B. F. Donald, Jr. (appellant herein), Givens A. Parr and persons unknown to the grand jury entered into a conspiracy and agreed together to unlawfully and fraudulently take, misapply and convert to their own use $1000 in money belonging to the Benavides Independent School District of Duval County.

The conspiracy was alleged to have been entered into on or about September 1, 1951.

The statute of limitations applicable to the offense here charged is Art. 180 C.C.P., which provides that an indictment

may be presented "within three years from the commission of the offense."

Art. 183 V.A.C.C.P. (as amended in 1941) reads:

"1. The time during which the accused is absent from the State shall not be computed in the period of limitation.

"2. The time during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation.

"3. The term 'during the pendency,' as used herein, means that period of time beginning with the day the indictment, information, or complaint is filed in a court of competent jurisdiction and ending with the day such accusation is, by an order of a trial court having jurisdiction thereof, determined to be invalid for any reason."

The indictment herein was returned while the state's motion for rehearing in Adame v. State, 162 Texas Cr. Rep. 178, 283 S.W. 2d 223, was pending in this court and it was not until March 28, 1956, that a prior indictment against the same named defendants and others, with like allegations, was by "an order of a trial court having jurisdiction thereof determined to be invalid for any reason." Under the circumstances the state could have alleged only that the persons charged had been previously indicted for the same offense (not that the prior indictment had been determined to be invalid by an order of a trial court or any other court, for that had not yet occurred).

Both cases against appellant finally reached the district court of Comal County where the distinguished judge of that court entered the order dismissing the prior indictment because of the holding of this court in Adame v. State, supra. The same judge later presided at the trial upon the present indictment.

There would be no question as to the soundness of the majority view that the indictment upon its face was fatally defective if, under the laws of this state, the offense was in fact barred by limitation.

Looking alone to Art. 180 V.A.C.C.P. the indictment, having been presented more than three years after the date the offense was alleged to have been committed, was invalid.

But, as appellant agrees, Art. 183 V.A.C.C.P. provides an

exception to the general rule reflected by Art. 396 C.C.P., and in determining whether the offense charged, if committed upon the date alleged in the indictment, is barred "the time during the pendency of an indictment shall not be computed."

The controlling legal question here presented is: "Is it essential that the indictment allege facts to bring a case which is prima facie barred under a statute of limitations within a statutory exception tolling the statute in certain circumstances?"

27 American Jurisprudence 637, is authority for the statement that there is a diversity of opinion on this question, some courts holding such allegation is essential while others, among them the Federal courts, take the opposite view.

There is no case decided by this court, or its predecessors, which has been cited or which I have been able to find holding that it is essential that the indictment allege the facts as to the defendant's absence from the state, or as to the pendency of a prior indictment tolling limitation under Art. 183 C.C.P., before or after its amendment.

One early case is found dealing with the tolling of limitation under what is now Section 1 of Art. 183 V.A.C.C.P.

Whitaker v. State, 12 C.A. 436, was a murder case, for which offense an indictment may be presented at any time. The indictment against Whitaker was returned in September 1879, the homicide having been committed some six years before. There was evidence to show that immediately after the killing Whitaker left the county, and after that was absent from the state and in the state of Missouri until some time after the indictment was returned. The misdemeanor offense of negligent homicide was submitted in the court's charge and the jurors were instructed that if they found Whitaker guilty of that offense they would acquit him, as that offense was barred by limitation.

Citing the provision of present Section 1 of Art. 183 V.A.C. C.P., to the effect that the time during which a person accused of an offense is absent from the state shall not be computed in the period of limitation, the court of appeals said that the question of whether negligent homicide was barred by limitation should have been submitted to the jury, and that the court's instruction, assuming that it was barred, was error and upon the weight of the evidence.

The absence of an allegation in the indictment to that effect did not prevent the court of appeals from reversing the conviction because the trial court failed to take into account the defendant's absence from the state which fact (not alleged) tolled the statute applicable to the lesser included offense.

The Whitaker case may be distinguished by the fact that there was no motion to quash the indictment.

There is one and only one prior decision of this court construing Sections 2 and 3 of Art. 183 C.C.P. That case is Hill v. State, 146 Texas Cr. Rep. 333, 171 S.W. 2d 880, cited by appellant upon another defense contention which the majority has not sustained, and which cannot be distinguished.

The Hill case was decided soon after Art. 183 C.C.P. was amended by the addition of Sections 2 and 3 tolling limitation during the pendency of a prior indictment which had been found to be invalid.

Hill had been convicted of rape and assessed the death penalty, and the Supreme Court of the United States had set aside the conviction because of racial discrimination in the selection of the grand jury. (Hill v. State, 157 S.W. 2d 369; Hill v. Texas, 316 U.S. 400; 62 Sup. Ct. 1159; 86 L. Ed. 1559.)

Thereafter, but within one year period of limitation provided for the offense of rape, the legislature amended Art. 183 C.C.P. by adding Sections 2 and 3.

A second indictment was returned against Hill (more than one year after the date of the offense) on October 22, 1942, and alleged (as did the prior indictment held invalid) the rape of the named female on December 1, 1940.

The second indictment in the Hill case, like the indictment before us, contained no allegation showing that a prior indictment had been returned and, except for the pendency of the prior indictment, the offense was barred by lapse of time. Art. 178 C.C.P.

Th opinion in the Hill case affirming a death penalty under the second indictment is devoted to the questions of whether the amendment of the statute after the first conviction had been set aside was available, and whether the prior indictment tolled the statute. An examination of the motion to quash the indict-

ment in that case removes any doubt but that the legal contention here presented was before this court and the view sustained by the majority in the instant case was rejected.

Here are the grounds quoted from the respective motions attacking the indictments:

(Appellant Donald and his co-indictees, in their motion to quash) "(b) because it appears from the face of each count of the indictment that a prosecution for the offense herein charged against the defendant is barred by lapse of time."

(Hill's attack upon the second indictment) "(2) because it appears from the face of the indictment that a prosecution for the the offense is barred by lapse of time."

It is apparent that if the indictment against Hill was sufficient against the identical attack, the present indictment is not fatally defective.

Let it be clearly understood that the majority of the members of this court, if not all, do not uphold appellant's contention that the prior indictment if properly alleged, is insufficient to toll limitation under Art. 183, Secs. 2 and 3, V.A.C.C.P.

The majority, if not all of the members of this court, hold that the conspiracy is not in fact barred by limitation and a prosecution may be had upon an indictment properly alleging the facts as to the pendency of the prior indictment as well as the indictment upon which this prosecution was had.

The legal question before us decided either way would do no violence to the rights of an accused, or place undue burden on the state. But the change of position by this court after the Hill case was decided is unfair to the state.

The offense was not barred by limitation under Art. 180 C.C.P. because the legislature has provided an exception in Art. 183 C.C.P. whereby calendar time is not the sole method by which the question of limitation is to be determined and the time during the pendency of an indictment "shall not be computed."

The theory of judicial knowledge is relevant where the statute of limitation is tolled by the pendency of a prior indictment.

It has no application where absence from the state is relied upon to toll limitation, as in Whitaker v. State, supra.

Roquemore v. State, 111 Texas Cr. Rep. 77, 11 S.W. 2d 316, cited in the majority opinion, holds that the trial court would have judicial knowledge of the contents of the records of the court, including indictments.

The statement from Roquemore v. State seized upon by the majority is: "* * * but where there was a mere indictment, he would not have judicial knowledge of the identity of the parties or the transaction."

The condition quoted has no application here for there was no "mere indictment." Both the indictment returned in 1954 and the indictment under which this appellant was found guilty alleged the same conspiracy to misapply funds belonging to the Benavides Independent School District of Duval County on or about September 1, 1951.

Both indictments allege that D. C. Chapa was and would be tax assessor and collector of said school district; that B. F. Donald, Jr. was and would continue to be cashier of the Texas State Bank of Alice; and that under the conspiracy B. F. Donald, Jr. would misapply and convert funds belonging to the school district coming into possession of said bank which was the depository for the Benavides Independent School District funds.

If the trial court could take judicial knowledge of the prior indictment surely he could take notice of the fact that there was but one B. F. Donald, Jr. who was cashier of the Texas State Bank of Alice (the depository for the School District) at the time mentioned in the indictment!

Just how a defendant could be benefited by allegation and proof before the jury of the indisputable fact that two or three grand juries, and not just one, had indicted him for the same offense for which he is on trial is not apparent. Certainly it was not an element of th offense and proof that he has been previously indicted is ordinarily deemed harmful to the defendant.

It is pointed out in this connection that no evidence was admitted upon the trial which would not have been admissible upon a trial under the previous indictment.

It should further be noted that the court's charge herein made no mention of a prior indictment and required the jury, in order to convict, to find that the conspiracy alleged was entered into by appellant and one or more of the alleged co-conspirators, and also that within three years before the return of the indictment some act was done by a party to the conspiracy that was within the contemplation of the parties and the scope of the conspiracy, which act was intended by the conspirators.

The offense charged in the indictment was the conspiracy and the acts done in pursuance of the agreement were but evidence to prove that the conspiracy was entered into, renewed and continued. There was evidence to sustain a finding that less than three years before the indictment herein was returned more than $1700 was drawn from funds of the "Benavides Independent School District Freer Local Maintenance" by false vouchers purporting to be for supplies which were not purchased, as well as numerous similar thefts of school funds during the years 1949 to 1953 inclusive.

I respectfully dissent.

ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

Upon further study, we find that the question here presented is not one of first impression. In Hickman v. State, 44 Texas Crim. Rep. 533, 72 S.W. 587, Presiding Judge Davidson, speaking for the court in 1903, in reversing the conviction, said:

"The indictment charges that appellant, on the 2d day of July, 1902 forged the following instrument:

" 'Wichita Falls, Texas, July 2, 1892. No._____.

" 'The Panhandle National Bank of Wichita Falls,

" 'Pay to R. H. Smith or Bearer Seven_____Dollars $7.00.

" 'Boney McIntire.'

"*The indictment contains neither explanation averments nor inuendo allegations. Motion to quash was based, first, upon the ground that the instrument itself shows that the offense was barred by the statute of limitations when presented by the grand*

*jury; second, * * *. We believe both points are well taken. The instrument purports to have been executed on July 2, 1892. The indictment was preferred by the grand jury on October 29, 1902, something over 10 years after the purported execution. Prosecution for forgery is barred under our statute in 10 years."*

It is interesting to note from an annotation found in 99 A.L.R., page 153, that the Hickman case is cited as placing Texas in line with the great weight of authority which holds that it is incumbent upon the state in the accusation to allege the matters which toll the statute of limitations.

Forty years later, in Anderson v. State, 146 Texas Cr. Rep. 175, 172 S.W. 2d 339, this court said:

" * * * * If appellant had been charged and prosecuted for the offense of forgery and it had appeared *from the face of the indictment that the offense was committed more than ten years prior to the return of the indictment, then, no doubt, the court would have sustained the motion to quash * * *.*"

See, also, Dinklage v. State, 135 Texas Cr. Rep. 10, 117 S.W. 2d 111, where this court said:

" * * * * It therefore follows that an indictment found on October 21, 1937, charging the offense of an accomplice to burglary committed in August 1933, comes too late, *and shows upon its face to be barred by the statute of limitation.*"

The Supreme Court of Minnesota, in State v. Tupa, 260 N.W. 875, in reversing a conviction where the accused had plead guilty because the indictment on its face showed that the offense was barred by the statute of limitations and failed to contain allegations showing that the statute had not run, posed this pertinent question:

"Civil liability, as we have seen, could not be imposed upon defendant where, as here, the face of the accusation clearly establishes that the cause has been put to rest by a valid statute of repose. Is it fair, logical, or reasonable to hold that one accused of crime should be treated with less consideration than one who uses the same means or avenue of escape from a contractual obligation, or from liability for a tort where perhaps the tort itself involved a criminal act?"

The Supreme Court of California, in People v. McGee, 36

P. 2d 373, reversed a conviction where the accused had plead guilty and gave the following reasons for its holdings:

" * * * the statute *(referring to a statute similar to our Article 396, V.A.C.C.P., set forth in the original opinion)* is jurisdictional, and that an indictment or information which shows on its face that the prosecution is barred by limitations fails to state a public offense. The point may therefore be raised at any time, before or after judgment.

"* * * In criminal cases, the state, through its legislature, has declared that it will not prosecute crimes after the period has run, and hence has limited the power of the courts to proceed in the matter. See People v. Hoffman, supra; State v. Bilboa, 38 Idaho, 92, 213 P. 1025, 222 P. 785. It follows that where the pleading of the state shows that the period of the statute of limitations has run, and nothing is alleged to take the case out of the statute, for example, that the defendant has been absent from the state, the power to proceed in the case is gone."

It is insisted that Hill v. State, 157 Texas Cr. Rep. 369, 171 S.W. 2d 880, supports the state's position that the indictment is sufficient. There is nothing on the face of the opinion in that case which sustains such contention, and the same is therefore not authoritative. If a conclusion contrary to the statute and the authorities cited in this and the original opinion may be drawn from an independent examination of the record in that case, then what we have here said is to be controlling.

Remaining convinced that we properly disposed of this matter originally, the state's motion for rehearing is overruled.

WOODLEY, Judge, dissenting, on State's Motion For Rehearing:

The holding in Hickman v. State, 44 Texas Cr. Rep. 533, 72 S.W. 587, from which the majority quote, was before us when this appeal was being considered on original submission. While it was not cited, the original opinion quoted the rule which Texas Jurisprudence derived from the Hickman case: "The State is not bound to anticipate or negative defenses on the part of the accused, but if the pleading shows on its face that the prosecution is barred by the statute of limitations, facts should be alleged which avoid the statute." 23 Texas Jur. Sec. 30, p. 630.

This rule is relied upon by the majority though the qualifying rule found in the same Section 30 of Texas Jurisprudence, Vol. 23, strongly urged upon us by the state on rehearing, is ignored. "Presumptions of law and *MATTERS OF WHICH JUDICIAL NOTICE IS TAKEN NEED NOT BE AVERRED.*" 23 Texas Jur., Sec. 30, pp. 630-631.

The Hickman case was decided when we had no statute tolling limitation by reason of a prior indictment. The missing allegation was one that would explain the repugnance between the date of the instrument (1892) and the allegation that it was forged in 1902. It was not an allegation showing that limitation was tolled but one which would clearly show that the limitation did not begin to run in 1892.

The Hickman case merely applied the rule recognized by this court as late as the recent cases of Hodge v. State, 164 Texas Cr. Rep. 69, 297 S.W. 2d 138, decided this year, and Dixon v. State, 161 Texas Cr. Rep. 626, 279 S.W. 2d 868.

The state's contention, with which I agree, is that this rule has no application where limitation is tolled under Sections 2 and 3 of Art. 183 V.A.C.C.P., as this court held in Hill v. State, 146 Texas Cr. Rep. 333, 171 S.W. 2d 880. One reason this is true is because the court judicially knew that the prior indictment had tolled limitation.

The question presented on rehearing is whether or not the pendency of the prior indictment which had been returned against appellant in the same court, and which was disposed of while the indictment herein was pending in the same judicial district to which both had been transferred by change of venue, was a matter of which the trial court could take judicial knowledge. If so, under the rule relied upon by the majority, it was not necessary that the facts in regard to the pendency of the prior indictment be alleged in the subsequent indictment.

The state directs attention to another rule from Texas Jurisprudence which is pertinent in this regard: "In criminal cases the judge takes judicial notice of his own proceedings and records, and of judgments entered in his court. He may and should take notice of the fact that *a witness* or *the defendant has previously been convicted of a felony in his court,* of the *pending in the same court of a complaint against a witness* for the same offense with which the defendant is charged, or *of the contents of an indictment in another case against the defendant*

*before it,* whether a former conviction of the defendant in the same court was for the same offense with which he is charged, and that a former conviction has been appealed from." 17 Texas Jur. 204-5, Sec. 28.

One further authority may be cited in answer to the majority holding that the trial judge could not take judicial notice regarding appellant's identity as being the defendant in the prior indictment.

In Armstrong v. State, 120 Texas Cr. Rep. 526, 46 S.W. 2d 987, we held that if in a habeas corpus proceeding knowledge came to the judge from which he knew that the "Weatherby" under indictment was the same man called as a venireman in the case on trial, he could take notice of that fact and act upon it.

Judge Fuchs, the trial judge, the transcript shows, changed the venue in the prior case and appellant entered into recognizance before him for his appearance in another court of the same judicial district. The Armstrong case would appear to be authority for holding that Judge Fuchs correctly took judicial notice that the defendant in that case (which he later dismissed) was the defendant in the case from which this appeal is prosecuted.

It is quite true that the question presented on this appeal is not one of first impression. As I have attempted to demonstrate, this court, in Hill v. State, 146 Texas Cr. Rep. 333, 171 S.W. 2d 880, held that the offense of rape was not barred by limitation by reason of Art. 183 V.A.C.C.P., though the indictment was returned on October 16, 1942, and "the offense of rape is alleged to have been committed in Dallas County, Texas, on the 1st day of December, 1940." The opinion in the Hill case reveals the following:

The appeal was from a death sentence for rape. The case had been before this court on a former appeal (Hill v. State, 144 Texas Cr. Rep. 415, 157 S.W. 2d 369). The Supreme Court of the United States reversed the case. Subsequently Hill was reindicted "in the manner hereinafter fully stated and the trial was had on the second indictment. A motion to quash the second indictment was timely filed." (I have directed attention to the fact that the original papers in the case reveal that one ground of this motion was the identical ground now sustained by the majority.)

"The offense of rape is alleged to have been committed in Dallas County, Texas, on the 1st day of December, 1940." Within a few days Hill was indicted.

The act amending Art. 183 C.C.P. so as to provide that the time during the pendency of an indictment should not be computed in the period of limitation and defining the term "during the pendency" became effective on July 9, 1941.

The conviction under the first indictment was reversed by the Supreme Court of the United States on June 1, 1942.

On October 16, 1942, approximately a year and eight months after the commission of the offense of rape alleged, the indictment upon which Hill was tried and sentenced to death the second time was returned.

The court, speaking through Judge Beauchamp, said:

"The amount of time between the commission of the offense and the first indictment, added to the period from June 1, 1942, (date of reversal of the first conviction) to October 16, 1942, (the date the second indictment was presented) is much less than one year. Under the terms of the amendment above quoted (Sections 2 and 3 of Art. 183 V.A.C.C.P.) the period of limitation would not be available to appellant as a bar to prosecution."

One need not resort to the record showing the ground for the motion to quash the indictment (identical with that before us on this appeal) nor examine the indictment (which contains no allegation regarding the pendency of the prior indictment). The opinion itself shows that the rule now relied upon by the majority has no application because of the prior indictment and of Art. 183 C.C.P. as amended. (Art. 183 V.A.C.C.P., Sections 2 and 3.)

The question before us is not what the rule is as applied to a first indictment, but whether, since the trial judge judicially knew that there was a prior indictment during the pendency of which limitation was tolled, the second or subsequent indictment is fatally defective which fails to allege facts showing the pendency of the prior indictment.

What I believe to be the fallacy of the majority view is that Art. 183 C.C.P. is not accorded the same equal weight and authority as is given to Art. 180 C.C.P.

As I see it, these statutes are of equal dignity and should be construed together as though the legislature had amended Art. 180 C.C.P. (and similarly all other limitation statutes in the code) so that Arts. 180 and 183 V.A.C.C.P., insofar as here applicable, should together read:

An indictment for any other felony may be presented within three years from the commission of the offense and not afterwards, (except murder, for which an indictment may be presented at any time) but in computing such three-year-period there shall be excluded the period of time beginning with the day an indictment was filed in a court of competent jurisdiction and ending with the day such accusation is, by an order of a trial court having jurisdiction thereof, determined to be invalid for any reason.

Construing the applicable statutes together and giving equal weight to each, I cannot agree with the majority holding that the indictment is fatally defective for failure to allege facts showing that three years calendar time had not barred the prosecution under the provisions of one of them.