Harold Wayne DICKERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 58859.

Court of Criminal Appeals of Texas,
Panel No. 3.

Oct. 18, 1978.

Phillip S. Brown, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty. and Richard L. Howell, Asst. Crim. Dist. Atty., Lubbock, for the State.

Before DOUGLAS, ROBERTS and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for burglary; the punishment is imprisonment for eleven years.

Appellant was convicted of burglarizing the house belonging to Naomi Martin in Lubbock. Appellant was previously convicted for this offense, but this Court set aside that conviction because the indictment on which the conviction was based showed on its face that the prosecution was barred by limitations. *Ex parte Dickerson,* 549 S.W.2d 202 (Tex.Cr.App.1977). In the instant case, appellant again contends that the indictment is void because it shows on its face that the prosecution is barred by the statute of limitations. Since we agree with this contention, we will not discuss appellant's other grounds of error.

The indictment recites that the burglary was committed on or about January 29, 1971. The indictment was presented and filed on June 8, 1977, well after the five-year limitation period applicable to burglary. Art. 12.03, V.A.C.C.P., 1965; Art. 12.01, V.A.C.C.P., effective January 1, 1974. A prosecution commenced after the statute of limitations has run is barred unless facts tolling the statute are pled and proved by the State. Art. 21.02(6), V.A.C.C.P.; *Cooper v. State,* 527 S.W.2d 563 (Tex.Cr.App. 1975); *Jackson v. State,* 489 S.W.2d 565 (Tex.Cr.App.1972); *Donald v. State,* 165 Tex.Cr.R. 252, 306 S.W.2d 360 (1957). In the instant case, the indictment alleges the following facts to show that the statute of limitations was tolled:

"AND THE GRAND JURORS AFORESAID do further present that on

or about the 26th day of June, 1974, a complaint was duly filed in Lubbock County, Texas, against the said HAROLD WAYNE DICKERSON, charging him with the offense hereinabove charged in this indictment and that thereafter on the 12th day of February, 1976, the Grand Jury for the County of Lubbock, Texas, returned on indictment against the said HAROLD WAYNE DICKERSON charging him with the offense hereinabove charged in this indictment and thereafter on the 13th day of April, 1977, the indictment was held to be invalid by the Court of Criminal Appeals of the State of Texas . . ."

The filing of a complaint in justice court does not toll the running of the period of limitations in a felony case. *Ex parte Ward,* 560 S.W.2d 660 (Tex.Cr.App.1978). Thus, the facts alleged in the indictment are on their face insufficient to show that the statute of limitations was tolled. Although appellant did not plead limitations as a defense in the trial court, the failure of the indictment to allege that the offense was committed at a time not so remote that the prosecution is barred by limitations is a fundamental defect and may be raised for the first time on appeal. *Cooper v. State,* supra; *Donald v. State,* supra.

The judgment is reversed, and the indictment is ordered dismissed.