Ex parte Leslie R. COUNTY.

No. 64820.

Court of Criminal Appeals of Texas,
En Banc.

July 9, 1980.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

DALLY, Judge.

The petitioner, in this post-conviction proceeding, Art. 11.07, V.A.C.C.P., seeks to have a judgment of conviction for aggravated robbery set aside. He asserts that the indictment was so defective the trial court was without jurisdiction. A judgment based on a fatally defective indictment is subject to collateral attack. See *Ex parte Fontenot*, 550 S.W.2d 87 (Tex.Cr. App. 1977); *Standley v. State*, 517 S.W.2d 538 (Tex.Cr.App. 1975). See also *Ex parte Dickerson*, 549 S.W.2d 202 (Tex.Cr.App. 1977).

The indictment, which was returned by the grand jury on March 14, 1979, alleges that the offense was committed on or about February 22, 1974. The statute of limitations provides that an indictment for aggravated robbery must be presented by a grand jury within five years after the commission of the offense. Arts. 12.01(3)(A) and 12.03(d), V.A.C.C.P. The State need not by allegations in an indictment negate a defendant's defenses. However, if an indictment shows on its face that the prosecution is barred by limitations the pleading is insufficient to give the court jurisdiction. See Art. 21.02(6), V.A.C.C.P., unless facts are alleged that would toll the statute of limitations. *Donald v. State*, 165 Tex.Cr.R. 252, 306 S.W.2d 360 (Tex.Cr.App. 1957); *Dickerson v. State*, 571 S.W.2d 942 (Tex.Cr. App. 1978); *Ex parte Dickerson*, 549 S.W.2d 202 (Tex.Cr.App. 1977).

The indictment in question does not allege facts which would toll the statute of limitations, and the indictment was returned by a grand jury more than five years after the alleged day of the commission of the offense; therefore, the indictment is insufficient to vest the court with jurisdiction. The appellant is entitled to the relief he seeks; the judgment of convic-

tion will be set aside, and the indictment dismissed.

It is so ordered.