**Danetta F. ALSTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 09 86 228 CR.

Court of Appeals of Texas,
Beaumont.

Oct. 7, 1987.

W.E. Harper, Beaumont, for appellant.

R.F. "Bo" Horka, Dist. Atty. and Richard B. Dutton, Asst. Dist. Atty., Kountze, for appellee.

OPINION

DIES, Chief Justice.

Appellant was indicted for the felony commission of Hindering Secured Creditor. A jury found Appellant guilty of Misdemeanor Hindering Secured Creditor, a lesser included offense. The trial court assessed Appellant's punishment at one year in the Hardin County jail. Appellant's sentence was probated; a fine of $200.00, court costs of $112.00, and restitution of $1,614.72 were imposed. Appeal was perfected to this court.

Appellant's first two points of error contend that the applicable statute of limitations had run on both the felony and the misdemeanor at the time of the presentment of the indictment.

The applicable penal statute is *TEX.PENAL CODE ANN. sec. 32.33* (Vernon Supp. 1987). The indictment charged Appellant with commission of the offense in Hardin County on or about April 23, 1981. The indictment was presented into court by the grand jury on November 13, 1984, some three and one-half years later. The statute of limitations applicable to the offense charged is the three year period provided in *TEX.CODE CRIM.PROC.ANN. art. 12.-01(4)* (Vernon Supp.1987). As stated, in the case at bar, the Appellant was convicted of the lesser offense of Misdemeanor Hindering Secured Creditor. The statute of limitations requires a misdemeanor be presented within two years from the date of the offense. *TEX.CODE CRIM.PROC.ANN. art. 12.02* (Vernon 1977).

The State admits these dates and the limitation periods we set forth above, but it is the State's position that since the de-

fense was not raised prior to or during the trial, it was waived and cannot be raised for the first time before an appellate court.

In *Dickerson v. State,* 571 S.W.2d 942, 943 (Tex.Crim.App.1978), Judge Dally wrote for the Court:

"Although appellant did not plead limitations as a defense in the trial court, the failure of the indictment to allege that the offense was committed at a time not so remote that the prosecution is barred by limitations is a fundamental defect and may be raised for the first time on appeal. *Cooper v. State,* [527 S.W.2d 563 (Tex.Crim.App.1975)]; *Donald v. State,* [165 Tex.Crim. 252, 306 S.W.2d 360 (1957)]."

In *Dickerson v. State, supra,* the State alleged in a burglary indictment that a complaint for the offense had been filed in justice court. The Court said this was insufficient to toll the statute of limitations. In the case at bar, the indictment has no allegations contending a tolling of limitations.

In *Donald v. State,* 165 Tex.Crim. 252, 306 S.W.2d 360, 362 (1957), we find:

"We think the rule stated is sound ... which requires that the time mentioned in an indictment be some date anterior to its presentment and not so remoted that the prosecution of the offense is barred by limitation and also with the well-established rule that the burden is on the state to show that the offense was committed within the period of limitation and the accused is not required to plead limitation as a defense."

*See also Ex parte County,* 601 S.W.2d 357 (Tex.Crim.App.1980). Appellant's first two points of error are sustained; the judgment below is reversed, and prosecution ordered dismissed.

Reversed and Dismissed.